## C. W. WINGER v. STATE.

No. A-6551.   Opinion Filed May 18, 1929.
Rehearing Denied June 8, 1929.
(277 Pac. 947.)

Roberson & Roberson, for plaintiff in error.

W. P. Morrison, Co. Atty., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Canadian county for a violation of the prohibitory liquor law, and his punishment fixed at imprisonment in the county jail for 90 days and to pay a fine of $500.

The evidence offered by the state tended to show that the defendant was in possession of a certain building in the town of Okarche.   Affidavit was filed for search warrant and search warrant duly issued and placed in the hands of the sheriff of Canadian county for search.   Two deputy sheriffs concealed themselves in a building opposite the one to be searched, saw the defendant go to the build-

ing to be searched, unlock the door, reach in and bring out in his hand a bottle which defendant placed in his coat pocket, and then locked the door and started to walk away. The officers stopped the defendant, demanded that he give them the bottle, and when defendant failed to do so, one of the officers reached in his pocket and took out the bottle, which contained whisky. The officers then compelled the defendant to accompany them back to the building to be searched, and on the order of the officers the defendant unlocked the door, and the officers went in, searched the building, and found 12 gallons of whisky, 7 or 8 gallons of wine, 5 5-gallon jugs, and a number of empty bottles. An information was filed against the defendant charging him with the possession of this liquor, and on the trial of the case the defendant was convicted.

The first ground of error alleged is that the affidavit and search warrant were insufficient to authorize a search of the premises. The case-made does not contain a copy of the affidavit nor the search warrant. Neither did the defendant introduce any evidence tending to show the illegality of the affidavit or search warrant.

In the case of Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, this court said:

"The burden of proving the invalidity of the search rests on the defendant."

In the case of Saunders v. State, 4 Okla. Cr. 264, 111 Pac. 965, Ann. Cas. 1912B, 766, this court said:

"A matter assigned as error in the motion for a new trial and in the petition in error, but not shown by the case-made to be true, cannot be considered in the appellate court."

The presumption of law is that the affidavit for search warrant was sufficient, and, since the defendant makes

no showing to the contrary, this court cannot consider defendant's objection.

The evidence obtained under the search warrant being properly admitted by the court and being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.