## TOM HOLLAND v. STATE.

No. A-8973.   Jan. 31, 1936.
(54 Pac. [2d] 216.)

M. F. Hudson and M. D. Deck, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of McCurtain county of larceny of a domestic animal, and was sentenced to serve a term of 3 years in the state penitentiary.

The principal contention made is that the court admitted incompetent evidence obtained by an illegal search of the residence of defendant. The charge is larceny of a hog, and the testimony is that officers, with a search warrant, discovered the hog meat concealed in the residence of defendant. Prior to the trial, defendant's counsel filed an unverified motion to suppress evidence, alleging the search warrant was void for the reason it was issued on an insufficient affidavit. The motion states it has attached thereto a copy of the search warrant and the affidavit for search warrant, and attached to the motion is what purports to be uncertified copies. Defendant's counsel called this motion to the attention of the court, whereupon the following took place:

"By Mr. Dick, after reading the motion to the court: We object to the state using any testimony. By the Court: Do you want to submit any proof? By Mr. Dick: It is void on its face. By the Court: The motion will be overruled. By Mr. Dick: All right, give us an exception to the order overruling the motion to suppress."

Neither the affidavit nor the search warrant were produced, and no witness was called to prove these papers were what they purported to be and were the instruments of authority for the search.

This court has held that where a defendant seeks to exclude evidence on the ground it has been obtained by an illegal search warrant, the burden is on him to prove invalidity. In Ford v. State, 45 Okla. Cr. 161, 282 Pac. 370, we held:

"The burden rests upon the defendant, where he attacks the sufficiency of the affidavit for the search warrant, to exhibit the same to the court in support of his objections, and the court upon an examination of the affidavit and the warrant must summarily determine the suf-

ficiency of the affidavit and the warrant and the admissibility of the evidence. The presumption of law is that the affidavit and the warrant are sufficient and the search and seizure legal. If the defendant desires to attack the affidavit or the warrant he should subpoena the magistrate issuing the same to appear and produce the affidavit and warrant upon which the search was made."

Defendant having failed to introduce the affidavit, there was nothing before the trial court upon which he could determine its sufficiency. It was not error, therefore, to overrule defendant's motion to suppress the evidence.

In Winger v. State, 43 Okla. Cr. 140, 277 Pac. 947, we held:

"The burden of proving the invalidity of the search under a search warrant rests on the defendant, and, where the case-made does not contain the affidavit nor search warrant, this court will presume that the search was legal."

And again in Stewart v. State, 52 Okla. Cr. 298, 5 Pac. (2d) 173, this holding was reiterated.

In the instant case, though counsel was offered an opportunity to make proof of the invalidity of the search warrant, he did not do so, but rested on the statement, "It is void on its face," presumably referring to the purported copies of the affidavit and search warrant. If defendant relied on this invalidity, it was his duty to introduce the original affidavit and search warrant and to make proof that it was by virtue of these the officers acted. Failing to do this, the court could not presume the purported copies were the records of the magistrate, and were instruments upon which the officers made search. Under the condition of the record here shown the court properly overruled the motion to suppress.

We are of the opinion, however, the punishment assessed is excessive and should be reduced to a term of 2 years. As modified, the case is affirmed.

DAVENPORT and DOYLE, JJ., concur.