# EDISON ANDERSON v. STATE.

No. A-9316.   Jan. 21, 1938.
Rehearing Denied Feb. 4, 1938.
(75 P. 2d 914.)

Robt. W. Hoyland, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., C. E. Barnes, Co. Atty., and Sam K. Abrams, Asst. Co. Atty., for the State.

DAVENPORT, P. J. The plaintiff in error, Edison Anderson, was by information charged with the possession of spirituous liquor with intent to sell, barter, or give the same away; was tried and convicted by a jury, and his punishment fixed at a fine of $100 and to be confined in the county jail for 45 days. Motion for new trial was filed, considered, and overruled, and the defendant appeals.

The testimony of the state in substance is that the sheriff of Logan county secured a search warrant which described the premises to be searched as lots 5 and 6, in block 88, in the city of Guthrie, Logan county, Okla. The return of the sheriff shows he searched the place de-

scribed in the search warrant and seized 12 pints of whisky, one bottle of peach liquor, and three bottles of slo gin.

The affidavit for the search warrant, the search warrant, and the sheriff's return are incorporated in the case-made, but there is nothing in the record showing that either the state or the attorney for the defendant introduced or caused the same to be incorporated in the record.

At page 22 of the case-made appears the following stipulation:

"It is hereby stipulated by and between the county attorney, C. E. Barnes, and the defendant by his attorney, Robert W. Hoyland, that the telephone listed in the telephone city directory of 906, in the name of Doe Anderson, is the defendant in this case; and, it is further stipulated that the premises described as 415 East Grant, on Lots 5 & 6, Block 88, East Guthrie, are owned by H. M. Adams, and rented to the defendant Doe Anderson, and were so rented to Doe Anderson, on the 4th day of May, 1936."

The testimony of the state shows that the premises the sheriff searched were the premises described in the search warrant as lots 5 and 6, block 88, the property that it was stipulated the defendant had rented or leased at the time of the search. The testimony of the officer shows that the time the search was made there was a young man at the house by the name of Byron Anderson, who was a nephew of the defendant. That the officers found twelve pints of whisky, one pint of peach liquor, and three pints of slo gin at the place where it was stipulated the defendant at the time had rented. The state's testimony conclusively shows that at the place searched by the officers they found a larger quantity of whisky

than the defendant was entitled by law to have in his possession.

The testimony also shows this property was rented by the defendant at the time it was searched; it is also shown by the testimony that at the time the officers made the search they found in the house a 45-caliber pistol and some men's clothing, and they took the same to the sheriff's office. Later on, the defendant came and wanted the pistol, saying it was his, and that the clothes belonged to him.

It is not deemed necessary to further set out the testimony of the state, and as the defendant did not offer any testimony, we hold that the testimony of the state is amply sufficient to sustain the verdict and judgment.

There is no evidence in the record showing that the defendant was a bootlegger, or that people congregated in any number around this place the defendant had rented.

Considering the testimony of the state, the court is of the opinion that a fine of $50 and 30 days in jail is ample punishment for this defendant, that the punishment of $100 and 45 days in jail should be modified to $50 and 30 days in jail, and, as modified, the judgment should be affirmed. It is so ordered.

DOYLE and BAREFOOT, JJ., concur.