## HERMAN ALLEN v. STATE.

No. A-9947.   March 18, 1942.

(124 P. 2d 262.)

Robt. W. Hoyland, of Guthrie, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charged the defendant, Herman Allen, with having on the 23rd day of December, 1939, in Logan county, possession of one gallon of whisky, with the unlawful intent then and there to sell the same.   Upon his trial the jury found him guilty, and assessed his punishment at confinement for 30 days in the county jail and a fine of $50.   Motion for a new trial was duly filed and overruled, and on June 15, 1940, the court rendered judgment and sentenced the defendant in accordance with the verdict of the jury.

On October 12, 1940, a petition in error with case-made was filed in this court.

The only assignments of error argued are that the court erred in overruling the defendant's motion to suppress the evidence, and that the evidence is insufficient to sustain the conviction.

When the case was called for trial the defendant filed a motion to suppress the evidence on substantially the following grounds:

First: That the evidence was obtained unlawfully by the officers making an unlawful search of the defendant's residence without his consent and over his objections.

Second: At the time of the entry and search of defendant's residence, the sheriff and his deputies were not armed with a valid search warrant.

Third: That said officers failed and refused to serve upon said defendant a copy of the search warrant at the time of the search.

The defendant Herman Allen in support of the motion to suppress testified that on the 23rd day of December, 1939, at the time the raid was made, no warrant was presented to him, and that the same was served upon him three days later while he was in the county jail.

On cross-examination the defendant admitted that he was convicted in Logan county on the 22nd of May, 1939, of unlawful possession of intoxicating liquor. See Allen v. State, 72 Okla. 102, 113 P. 2d 835.

To support his contention that a copy of the warrant was not presented to him, the defendant called three or four witnesses who testified that they were present at the time of the raid, and that they did not see a copy of the warrant delivered to the defendant.

Contradicting this negative testimony of the witnesses for the defendant, two officers testified positively

that at the time of the search two attempts were made to serve the warrant on the defendant, but that he refused to take it, and the officers finally laid it down on the table in the kitchen.

It is also strenuously insisted by the defendant that the return on the search warrant shows on its face that the same was not served on the defendant until the 26th day of December, 1939, while he was in jail.

The defendant offered the officer's return on the search warrant as an exhibit, as follows:

"This search warrant came to my hands on the 23rd day of Dec—1939, and on the 23rd day of Dec—1939, I served the same as follows: I proceeded to the place described in the within warrant, and there seized 1 Gallon & corn whisky—and now have the said property in my possession awaiting the further order of the Court, I found Herman Allen in possession of said property and now have his body before the court.

"I served a copy of the within warrant on Herman Allen

"This 26th day of Dec—1939.

"Glen Farquharson, Sheriff
"By W. T. Smith, Deputy."

This return shows that the search warrant was served on the 23rd day of December, 1939, the day it issued, and that the return was made on the 26th day of December, 1939.

It is the settled rule that in a prosecution for illegal possession of intoxicating liquor, the burden of proving the invalidity of the search is on the defendant.

In the instant case it is sufficient to say that the search warrant was properly served on the defendant at the time of the search and seizure. Therefore, the court did not err in overruling the defendant's motion to suppress the evidence.

On the trial the sheriff, undersheriff and two deputies testified that with a search warrant they proceeded to the home of defendant, at 816 West Cleveland in the city of Guthrie, Logan county, on the 23rd day of December, 1939, and upon arriving there they found the front and back doors locked; that they knocked on the front door and waited a little while and announced that it was the sheriff, and they knocked again, and after waiting about two or three minutes they forced an entrance. That upon entering the house two of the deputies went to the kitchen and there found a two gallon jug of whisky turned over in a slop pail, and that there was a little over a gallon of whisky left in the jug; the defendant was present and a deputy sheriff tried to serve the warrant on him twice, the defendant refused to accept the same, and the deputy finally laid it on a table in the kitchen; that there were six or seven men in the house at the time.

At the close of the evidence for the state the defendant moved the court to instruct the jury to return a verdict of not guilty, for the reason that the state had failed to prove facts sufficient to justify a verdict of guilty or to legally support the allegations contained in the information. Which motion was overruled, exceptions allowed.

Upon the trial the defendant did not testify and no witness was called on the part of the defense.

Upon the record before us, it appears that the verdict of the jury is fully sustained by the evidence. The trial was in all respects fair, and we are unable, after a careful examination of the record, to find anything in the record to warrant us in interfering with the verdict and judgment of conviction.

The judgment appealed from is accordingly affirmed.

BAREFOOT, P. J., and JONES, J., concur.