## BOB CLASBY v. STATE.
No. A-10144.   Nov. 17, 1943.
(143 P. 2d 430.)

J. J. Smith, of Miami, for plaintiff in error.

Randell S. Cobb, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Charles C. Chesnut, Co. Atty., of Miami, for defendant in error.

BAREFOOT, J. Defendant, Bob Clasby, was charged in the county court of Ottawa county with the unlawful possession of intoxicating liquor, towit: "1 pt. bottle of whisky, approx. ½ full; 1 pt. bottle whisky, approx. ¾ full; 1/5 bottle whisky, ⅔ full; 2 one-half pt. bottles of whisky, full; 1 pt. bottle alcohol, approx. ½ full; 2 pt. bottles dry gin, approx. ½ full"; was tried, convicted and sentenced to pay a fine of $50, and to serve 30 days in the county jail.

A motion to dismiss the appeal was filed in this court for the reason that the appeal was not filed within the time prescribed by law. The record shows that the appeal was filed in this court on September 16, 1941. The original judgment was entered on May 23, 1941, and contained this statement:

"Judgment and execution to be stayed for a period of one-hundred twenty days pending the lodgment of said case-made and record and petition in error in said Criminal Court of Appeals."

The appeal having been filed on September 16, 1941, and within 120 days as specified in the journal entry of judgment, the motion to dismiss was on August 27, 1943, overruled.

For a reversal of this case only two questions are presented: First, the invalidity of the information; and second, error of the trial court in denying the motion to suppress the evidence.

The first contention is based upon the fact that the information charged the unlawful possession of the intoxicating liquor, but failed to charge the "intent" with which it was possessed.

An examination of the record reveals that after the filing of the information, defendant entered a plea of not guilty, and at no time was a demurrer or motion to quash the information filed. The sufficiency of the information was not attacked in the motion for new trial, but the question is raised for the first time in the brief of defendant filed in this court.

It has been the universal holding of this court that in order to attack the information it is necessary to file a demurrer or a motion to quash or set aside the information. The only exceptions are when the error is fundamental, or the information is insufficient to give the court jurisdiction.

The reason for the rule is that one may not be permitted to go to trial and speculate on a verdict of not guilty, and then after a verdict of guilty is returned, challenge the sufficiency of the information.

From a reading of the information, it is readily seen that a demurrer to the same would have been sustained; but the county attorney would then have had an opportunity to amend the information, and proceed to trial. The matters complained of were not fundamental. The amount of liquor alleged to have been in possession of the defendant was more than the statute permitted, S. L. 1933, chap. 153, p. 339, sec. 3, 37 O. S. A. 1941 § 82, and the possession

of that amount made a prima facie case of intent to sell, barter, give away, or otherwise furnish the same unlawfully. An examination of the cases cited by defendant to support his contention reveals that in each instance a demurrer or motion to quash or set aside the information was filed. Michael v. State, 2 Okla. Cr. 703, 103 P. 1069; Crooms v. State, 5 Okla. Cr. 576, 115 P. 610; Buffo v. State, 4 Okla. Cr. 516. 113 P. 223; Walker v. State, 7 Okla. Cr. 494, 124 P. 87; Mason v. State, 2 Okla. Cr. 583, 103 P. 369.

For the reasons above stated, we are of the opinion that the defendant had waived his right to attack the information in this case. Willis v. State, 64 Okla. Cr. 213, 78 P. 2d 840; Jenner v. State, 72 Okla. Cr. 235, 114 P. 2d 958; Jackson v. State, 71 Okla. Cr. 258, 110 P. 2d 929; Stone v. State, 12 Okla. Cr. 313, 155 P. 701; Cotton v. State, 22 Okla. Cr. 252, 210 P. 739; Franklin v. State, 17 Okla. Cr. 348, 188 P. 686.

The second assignment of error is that the court erred in denying the motion to suppress the evidence.

Before the trial of the case, this motion was presented. Counsel for defendant contended that the burden of proof was upon the state, and the state contended it was upon the defendant. When the defendant started to introduce evidence, counsel called the defendant to the witness stand. After he had been asked his name, the county attorney stated:

"(Mr. Chestnut): To straighten out this matter, let me put Mr. McCullough on the stand. The Court: What is this for? Mr. Chestnut: We are putting this testimony on for the purpose of showing that the search warrant was not had. The Court: Well go ahead."

The defendant then left the witness stand, and Mr. McCullough, a deputy sheriff of Ottawa county, testified.

He stated that on the night of April 20, 1941, he received information to go to the Southern Mansion Night Club, near Afton, in Ottawa county, for the purpose of seeing about a disturbance. He described the premises as having a dance floor and a tap room, and there was a kitchen off the tap room. That when they entered they saw three bottles of liquor in the kitchen. That it was located where it could be seen from the dance room. That it was on the drain board of the sink. That when he saw this whisky, he then searched the premises, and found "two one-half pints of whisky in a stewer, and found, I believe, a one-half pint bottle about three-fourths full of alcohol, and a pint bottle about three-fourths full on the shelf behind a cloth covering."

When this witness had finished testifying, the court said: "Anything further?" and Mr. Smith answered: "In view of that testimony, we have none to offer, Your Honor."

The court then overruled the motion to suppress the evidence. Counsel for defendant excepted to the ruling of the court, gave notice of appeal, asked for time in which to prepare and serve case-made, and asked that the case be continued. The motion for continuance was overruled by the court, and counsel for defendant, Mr. Smith, stated:

"It isn't necessary in misdemeanor cases for the defendant to be here and he is busy and we are busy and we ask that he need not be required to be here, and we are busy and we ask that we be excused. The Court: We might want the defendant to be here. Mr. Smith: All right, your honor."

A jury was then impaneled, and the court proceeded to trial of the case, one of defendant's counsel being absent, but his cocounsel being present and participating in the trial.

The state placed upon the witness stand Dee T. Walters, sheriff of Ottawa county, and Milton McCullough, deputy sheriff, who testified to the same state of facts heretofore set out. They testified that they did not have a search warrant. That they were called to the place because of a disturbance, and after entering they saw the whisky on the table before any search was made. That the total amount of whisky and gin found on the premises amounted to about two quarts. They also testified that they knew the defendant, that he was not present when the whisky was found, but that he operated and was manager of the place. The defendant did not take the witness stand, nor did he offer any witnesses.

There is nothing in the record which shows that these premises were being used as a home by the defendant, Bob Clasby, or anyone else. No one was found to be living upon the premises. The evidence revealed that this was a public place, and that the kitchen referred to in the testimony seemed to be used only for the purpose of making and selling sandwiches for the patrons who came to the night club.

From the above statement, it clearly appears that the court did not err in overruling the motion of defendant to suppress the evidence. Under the decisions of this court, the burden was upon the defendant to sustain the allegations contained in the motion to suppress. Allen v. State, 74 Okla. Cr. 139, 124 P. 2d 262; Watson v. State, 73 Okla. Cr. 58, 117 P. 2d 808; Holland v. State, 58 Okla. Cr. 404, 54 P. 2d 216; Ray v. State, 43 Okla. Cr. 1, 276 P. 785; Ford v. State, 45 Okla. Cr. 161, 282 P. 370; Winger v. State, 43 Okla. Cr. 140, 277 P. 947; Phillips v. State, 34 Okla. Cr. 52, 244 P. 451.

Defendant did not offer any testimony, but relied wholly upon the testimony of the witness Milton McCul-

lough. Under this testimony, we do not think it was the duty of the court to sustain the motion. These officers were in a public place, where they had a right to be. They saw bottles of whisky in their presence. They had a right to investigate, and they found approximately two quarts of liquor. They made no arrest until later. The proof revealed that the liquor was in a place operated and managed by the defendant. The amount of liquor found was by the law prima facie evidence of possession with the intent to sell, convey, or otherwise violate the law. S. L. 1933, chap. 153, p. 339, sec. 3, 37 O. S. A. § 82. There was no evidence offered to rebut this presumption.

Counsel for defendant in his brief says:

"In the record there is a complete paucity of evidence tending to show an attempt to violate the law on the part of any person much less this plaintiff in error. As stated, there was much less than a gallon of intoxicants found, all of which was taken from the place of residence, and not a drop of which was discovered either in the ball room or tap room."

And cites the case of Hull v. State, 61 Okla. Cr. 12, 65 P. 2d 423; Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238; Crowdis v. State, 59 Okla. Cr. 297, 58 P. 2d 154. These cases had reference to and construed section 2625, O. S. 1931, 37 O. S. A. 1941 § 32, known as the "gallon law," which has been repealed and superseded by chapter 153, S. L. 1933, sec. 3, 37 O. S. A. 1941 § 82, which provides:

"The keeping, in excess of one quart of any spirituous, vinous, fermented or malt liquors * * * whether medicated or not, which contain more than three and two-tenths (3.2%) per cent of alcohol, measured by weight and which is capable of being used as a beverage * * * or in any manner permitting any other person to have or keep any such liquors in or about his place of business or his residence, or any place of amusement, or recreation, or any public resort, or any club room * * * shall be prima facie evidence

of an intention to convey, sell or otherwise dispose of such liquors."

The instructions given by the court in the instant case were clearly under the above section, and section 2625, O. S. 1931, 37 O. S. A. 1941 § 32, has no application. Morse v. State, 63 Okla. Cr. 445, 77 P. 2d 757; Dean v. State, 63 Okla. Cr. 385, 75 P. 2d 900; Smith v. State, 62 Okla. Cr. 33, 69 P. 2d 671; Whitwell v. State, 72 Okla. Cr. 192, 114 P. 2d 489; Young v. State, 74 Okla. Cr. 64, 173 P. 2d 294.

Upon the question of the right of the officers to search without a search warrant, in view of the facts in this case, we cite Miles v. State, 31 Okla. Cr. 4, 236 P. 907; Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366; Mitchell v. State, 73 Okla. Cr. 184, 119 P. 2d 99; Sims v. State, 73 Okla. Cr. 321, 121 P. 2d 317; Brown v. State, 74 Okla. Cr. 246, 125 P. 2d 234.

For the reasons above stated, the judgment and sentence of the county court of Ottawa county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.