JIMMIE PLUMLEE et al. v. STATE.

No. A-10206.     Feb. 17, 1944.

(146 P. 2d 139.)

P. G. Moore, of Sulphur, and Carrol J. Moody, of Pauls Valley, for plaintiffs in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendants, Jimmie Plumlee and William Plumlee, were jointly charged by information filed in the county court of Murray county with the unlawful possession of intoxicating liquor, were tried, convicted and sentenced to serve 30 days in the county jail and pay a fine of $75, and have appealed.

It is first contended that the court erred in overruling the motion to suppress evidence presented by the defendants.

At the beginning of the trial, counsel for defendants dictated into the record a motion to suppress all testimony concerning the seizure of the intoxicating liquor in question for the following reasons, towit:

"That no proper complaint was filed of record on the 27th day of January 1941 authorizing the issuance and service of the search warrant on that date for the premises described in said search warrant; for the further reason that the search warrant was not issued to the proper person nor owner of the premises searched under this alleged search warrant. That neither of said defendants, Jimmie or William Plumlee was served with a copy of said search warrant on said date or any other date. That said complaint upon which the alleged search warrant was issued is based wholly upon information and belief and circumstances and deductions made by the affidavit. That no proper showing was then or has ever been made to any one authorized to issue a search warrant and for the further reason that this alleged warrant was served in the night time. That no such direction was made on this warrant and for these reasons these defendants ask the court to suppress all testimony and all information that was obtained by reason of this search. Defendant further states that in the premises directed in this alleged search warrant is occupied by three families and only one of which is mentioned in the complaint or search warrant."

Neither the search warrant nor the affidavit upon which the search warrant was based were introduced in the record and no testimony was offered concerning the failure to introduce these instruments or to show what they alleged.

Only one witness testified in support of the motion to suppress. The wife of William Plumlee testified that at the time of the arrest she and her husband and the defendant Jimmie Plumlee and his wife, lived in the house owned by her husband's mother, which was searched by the officers at the time in question; that the house was composed of four rooms; that she and her husband occupied the northwest room, Jimmie Plumlee and his wife the southwest room, and the mother the southeast room; that they all ate in the northeast room, that they all had ac-

cess to each room and that the only heating stove was in the southwest room, occupied by Jimmie Plumlee and his wife.

This testimony was evidently for the purpose of showing that the house was occupied by more than one family, and, therefore, in contemplation of the law, was the same as if there had been three distinct homes. In view of the fact that neither the search warrant nor affidavit was introduced in evidence so that we could determine to whom the search warrant was directed and the description therein set forth, it is immaterial as to how many people occupied the dwelling house.

The burden of proof is upon the person who alleges the invalidity of a search to introduce evidence to sustain his motion. Where the record is silent the proceedings are presumed to be regular and in conformity to the law. Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430; Allen v. State, 74 Okla. Cr. 139, 124 P. 2d 262; Watson v. State, 73 Okla. Cr. 58, 117 P. 2d 808; Holland v. State, 58 Okla. Cr. 404, 54 P. 2d 216; Ray v. State, 43 Okla. Cr. 1, 276 P. 785; Ford v. State, 45 Okla. Cr. 161, 282 P. 370; Winger v. State, 43 Okla. Cr. 140, 277 P. 947; Phillips v. State, 34 Okla. Cr. 52, 244 P. 451.

There are many other reasons why the motion to suppress was not good, one of which was the fact that defendants denied ownership of the whisky and denied ownership or control of the land where the whisky was found, which is shown by the resume of the testimony hereinafter stated.

As to the sufficiency of the evidence to sustain the conviction, the proof of the state showed:

Certain officers of Murray county, armed with a search warrant, went to the premises in question to search for intoxicating liquor. The house was first searched and

nothing was found. While certain of the officers were searching the house, others were in the yard probing with sticks into the ground searching for liquor. While the officers were searching in the yard, they saw the defendant William Plumlee approach the house from a thicket. The officers testified that they followed the footprints of William Plumlee, which were plainly discernible in soft sand, for about 75 yards east of the house and that just across a fence they found 38 pints of whisky in a towsack. That the only tracks leading to where the liquor was found were those of the defendant William Plumlee and there were just two sets of tracks, the ones leading to where the liquor was placed and a set of tracks returning from said place. The officers further testified concerning the tracking of William Plumlee and one of them went so far as to state that he could tell by the way the weeds were broken down along the path and the depth of his footprints in the sand in which hand he had carried the liquor in taking it to the place where it was found.

The defendant Jimmie Plumlee was not at the house nor on the premises at the time the search was made, but he was arrested later.

Neither of the defendants testified, but the wife of the defendant William Plumlee testified that the place where the officers claimed the liquor was found was not on the premises occupied by them, but across the fence on another piece of land.

Since there was absolutely no evidence to show any connection of Jimmie Plumlee with the alleged offense in the state's testimony, the case will have to be reversed as to said defendant.

The circumstances of the defendant William Plumlee coming out of the thicket while the officers were making

the search, and the testimony of the officers that they followed the tracks which they saw him make coming out of the thicket back to where the liquor was found, were sufficient to show a connection of the defendant William Plumlee with the intoxicating liquor.

The state having thus made a sufficient case to authorize the submission to the jury of said evidence, and it not being disputed by defendant that the tracks in question were made by him in the manner detailed by the officers, we think the evidence is sufficient to sustain the conviction of the defendant William Plumlee.

For the reasons hereinabove stated, the judgment of the county court of Murray county is affirmed as to the defendant William Plumlee.

It is further ordered that the judgment of the county court of Murray county, as to the defendant Jimmie Plumlee, is reversed and the defendant is ordered discharged.

BAREFOOT, J., concurs. DOYLE, J., not participating.