## WALKER v. STATE.

No. A-11144.   Sept. 27, 1950.

(222 P. 2d 766.)

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J.   Plaintiff in error, Lee Walker, defendant below, was charged by information jointly with Floyd M. Drake, in the district court of Jackson county, Okla-

homa, with the crime of maintaining a public nuisance in room 427 in the New Orient Hotel, in Altus, Oklahoma, on or about February 14, 1948. The information in substance alleged that Lee Walker and Floyd M. Drake opened, managed and conducted in said room certain poker tables, craps or dice tables where gambling games were played for money, checks, credits or other representatives of value; contrary to the provisions of Title 21, § 946, O.S.A. 1941. A severance was asked and granted the defendants named in the information and they were separately tried. Walker was tried by a jury on April 5, 1948, found guilty and his punishment fixed at a fine of $1,500 and judgment and sentence entered accordingly. From that judgment and sentence, this appeal has been perfected.

The defendant urges three propositions herein. It will only be necessary to consider but one. His first contention is that the trial court erred in overruling his motion to suppress a part of the evidence. In this connection the defendant does not question the sufficiency of the application for and the search warrant itself, but contends the search was made without proper service of the warrant upon Floyd Drake who was in charge of the premises at the time the raid was made. The evidence offered by the sheriff which was sought to be suppressed but which was admitted was in relation to what the search and seizure disclosed. He testified that when he came into the room he found men therein engaged in gambling one of whom was Floyd M. Drake as heretofore set out and named in the information herein, as co-defendant, but for whom on trial a severance was had. The sheriff said he found in use certain poker tables, dice tables, chairs, dice cups, playing cards, and a bar behind which were several bottles or liquor partially used and

incident to the operation of the club. Specifically this was the evidence which was sought to be excluded on the trial of the case at bar but which was admitted in evidence in the trial on the merits over the objection of the defendant.

There were three witnesses called to testify on the motion to suppress. The first of these was the sheriff who testified in relation to service of the search warrant; that he procured such a warrant on February 14, 1948. The warrant empowered him to search rooms 426 and 427 of the New Orient Hotel; that after he procured the search warrant he proceeded to the hotel in company with the Highway Patrolman from Lawton, Oklahoma. He said he had a copy of the search warrant in his pocket but that the original had been left in his office. When they arrived at the hotel he said they went to the fourth floor and proceeded at once to Room 427. The door to said room was closed. He and the other officers knocked, opened it and went in. The only person named in the information who was present was Floyd Drake. Immediately upon entering Room 427 though being armed with a valid copy of the search warrant he made no attempt to serve it on Floyd Drake whom the record shows was in charge. He did not inform Drake he had the search warrant, read it to him, inform him of its contents or serve it upon him in any manner whatsoever, and he made no attempt so to do. He said he immediately began his search; that he said nothing to Drake; that he himself was the only officer who had the search warrant on his person. He said the search lasted for more than 30 minutes and he was in and out of the room. After the search was apparently completed he called a truck to get the furniture and move it out. After the sheriff completed the search of Room 427 and obtain-

ed all the articles of personal property concerning which he gave testimony and to which objection was made, the sheriff testified that he then went to Room 426 and conducted a search. In making this search the officers broke in a door and apparently aroused Mrs. Abbott who was on another floor and heard the noise and came to the floor where the officers were making the raid, and upon her appearing after completion of the raid in Room 427 she was served with the search warrant. Though the record discloses that the clubroom was being operated for the benefit of the patrons of the New Orient Hotel, it does not clearly appear that Mrs. Abbott was connected with the operation of the same. Room 427 was registered in the name of Lee Walker, the defendant herein, and in the name of no one else. On the motion to suppress Walker testified that his codefendant Drake was employed by him in the operation of the clubroom. The record discloses that Walker was at no time present when the search was made or appeared on the scene while the same was in progress or was served with the search warrant. It is therefore evident that service of the summons should have been made upon Drake since he was the man in charge. No attempt having been made whatsoever to serve him and the record not disclosing a waiver of service of the search warrant, the search and seizure was invalid from beginning to end, and the trial court erred in not sustaining defendant Lee Walker's motion to suppress the evidence obtained thereby, and the same having been admitted in the trial on the merits constitutes reversible error.

The provision of the statute under which the search warrant herein involved was procured was under the general provisions of Title 22, § 1221, etc., O.S.A. 1941, as well as under the provisions of Title 37, § 84, O.S.A. 1941,

providing for the seizure of liquor, furniture, etc. The warrant herein should have been served under the general provisions of Title 22, § 1227, Service of Search Warrant, reading as follows, to wit:

"A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer, on his requiring it, he being present, and acting in its execution."

The foregoing provision "a search warrant may in all cases be served" within reason and common sense, requires service of the warrant on the person in charge of the place to be searched unless service of the same will defeat enforcement of the law. And under the provisions of Title 37, § 84, O.S.A. 1941, the pertinent part of which reads as follows, to wit:

"* * * A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, * * *."

In cases involving search and seizure each case must be determined by the facts and circumstances therein involved. The foregoing statutes indicate that the legislative intent was that personal service of search warrants should be had where service of the same will not hinder the administration of justice. We have so held in Dawson v. State, 83 Okla. Cr. 263, 175 P. 2d 368, 370, wherein the officers were armed with a search warrant but did not serve it, relying instead upon a waiver of service of the search warrant to sustain them. Therein we said:

"In the instant case the officers had a search warrant. They should have served it on defendant and made a return to the court out of which it was issued showing what was found during the search."

252

In Thompson v. State, 89 Okla. Cr. 383, 208 P. 2d 584, referring to the provisions of Title 37, § 84, O.S.A. 1941, we said:

"This section would indicate that it would be required if a person was present and in possession of the liquor contraband a copy of the warrant should be served upon such person. * * *

"While ordinarily the law contemplates if some person is present and in possession of the place to be searched the warrant will be served, before the search is commenced, but it is not always essential to a valid search, for it is not always possible so to do in the enforcement of the law."

Borchers v. State, 59 Okla. Cr. 116, 56 P. 2d 922, wherein this court said in syllabus 2:

"In prosecution for illegal possession of intoxicating liquors, where service of search warrant is not made by serving a copy of the warrant in the manner provided by statute, section 2635 (St. 1931) [37 O.S. 1941 § 84], any evidence secured thereunder is inadmissible against the defendant." 56 C.J. § 161, pages 1241, 1242, Note 6, and cases cited thereunder.

There was no reason at all in the case at bar why the search warrant was not served before the search was commenced and completed. It should have been served upon Floyd Drake, the man in charge of the clubroom, when the sheriff opened the door and went in and before the search was commenced, and certainly before it was completed. Mrs. Abbott was not charged in the operation of the clubroom. The room was registered in the name of and belonged to the defendant Walker. Her connection with the operation of the clubroom was merely incidental. Service of the warrant on Mrs. Abbott as part owner and operator of the hotel was void. Service on anybody connected with the clubroom under the cir-

cumstances herein involved, after the search was completed when every opportunity to serve the same within the intent of the law was present also makes it void. As was intimated in Roberts v. State, 53 Okla. Cr. 409, 12 P. 2d 253, both the law and common sense requires that interpretation of statutes should follow the line of reasonableness. Under the same state of facts the trial court sustained the motion to suppress the evidence in the companion case of Walker v. State, 93 Okla. Cr. 256, 222 P. 2d 763, involving the crime of keeping and maintaining a clubroom for selling and furnishing, distributing and dividing prohibited liquors. But it erred herein in not sustaining the motion to suppress the evidence thus obtained and in admitting the same in the trial of this case on the merits. For all of the above and foregoing reasons this cause is reversed and remanded for a new trial.

JONES, P. J., and POWELL, J., concur.