## EDWARDS v. STATE.

No. A-11516. Dec. 12, 1951.

(239 P. 2d 434.)

John L. Ward, Jr., Tulsa, and White & Parris, Eufaula, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. The plaintiff in error, John Bill Edwards, was charged by information filed in the district court of Tulsa county with possession of intoxicating liquor, second offense. Thereafter a motion to suppress and supplemental motion to suppress the evidence were heard and overruled; and both the defendant and the state having waived a jury, defendant was tried before the court, who found him guilty as charged and assessed his punishment at imprisonment in the county jail for three months, and to pay a fine of $250. Appeal has been duly perfected to this court.

For reversal, counsel for defendant urges but one proposition: "Failure to serve search warrant as provided by law."

The above and other grounds were set out as the basis for suppression of the evidence in motions heard prior to trial. On hearing of the motions, the evidence developed that deputy sheriff John Bell obtained a warrant to search

the defendant's one story dwelling house and garage, "together with the curtilage thereof and appurtenances thereunto belonging", said residence being located at 1942 South Louisville Street, Tulsa. Deputy Bell was accompanied on the search by Deputy Floyd Jordan.

Deputy Bell testified that they arrived at the place to be searched just about noon; that as they arrived two boys were seen outside the house and leaving; that he did not know where they went; that another boy was in the house. Later, at hearing, the defendant, who was the boy's father, stated that his son was thirteen years of age. This was treated as a stipulation. Witness stated that Deputy Jordan posted a copy of the warrant on the screen door and that the search was then commenced, resulting in the finding of three pints of whiskey in the house, and more than a case in the garage.

Deputy Floyd Jordan testified that when he went to the front door a boy was standing inside the screen door. He identified a boy who was in court as the same boy the defendant stated was his son and who was thirteen years of age. Witness testified that prior to the search, he asked the boy if Mr. Edwards was at home, and was informed that he was not, and then he asked for Mrs. Edwards, and was told that she was not at home, whereupon he posted a copy of the search warrant on the screen door and walked through the house to the garage where he met Deputy Bell, and they found 45 or 50 pints of whiskey there. That he then searched the house and found three more pints. It would appear that all of the liquor was concealed.

There was no evidence offered by defendant to show that he did not actually, on his return home, find the warrant that was posted and left for him, nor was there any evidence offered or circumstances disclosed by the record to show that the thirteen year old boy found in the house was in charge of the same, or the intoxicating liquor subsequently found hidden on the premises. It is simply urged by defendant that under the provisions of the applicable statute, Tit. 37 O. S. 1941, § 84, that the officers should have eo instante served a copy of the search warrant on said boy by mere fact of his being the only person present, on discovery of such fact.

The applicable statute governing the service of search warrants in a case as here, and above referred to, provides in part:

"*A copy of said warrant shall be served upon the person or persons found in possession of any such liquor*, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found." (Emphasis ours.)

We do not find where the precise question here raised, and involving a residence, has had the attention of this court. No such case has been cited by either the appellant or the state. There are a number of cases bearing in principle upon the issue, however.

We are committed to the rule that the statutory provisions governing searches and seizures must be strictly construed. Powell v. State, 65 Okla. Cr. 221, 84 P. 2d 442; Uhlenhake v. State, 58 Okla. Cr. 248, 52 P. 2d 117.

It is clear in reading the provision above set out that only the person named in the search warrant and whose premises are to be searched is entitled to have a copy of the search warrant served on him. Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135. Except that if someone other than the person named in the warrant is found in possession of the whiskey, then it is necessary that a copy of the warrant be served on such person before the search is com-

menced. This to lessen the likelihood of resistance to the search and that such interested party may know that the search is by authority of law. See Walker v. State, 92 Okla. Cr. 247, 222 P. 2d 766; Thompson v. State, 89 Okla. Cr. 383, 208 P. 2d 584; Roberts et al. v. State, 53 Okla. Cr. 409, 12 P. 2d 253; Thigpen v. State, 51 Okla. Cr. 28, 299 P. 230.

Where the liquor is not in open sight, could it be said that some person other than the person named in the search warrant and whose premises were to be searched, by mere fact of presence, was a "person * * * found in possession of any such liquor" so as to necessitate the service of a copy of the search warrant on him prior to search? The mission of the officers, of course, in liquor searches is to obtain by a peaceable search if possible, the contraband liquor for the purpose of confiscation, after serving as evidence against the person or persons to be charged with the ownership or possession. If a person is found in control of premises, as distinguished from mere presence, commercial or residential, it would appear, just as a matter of common sense, that they have such possession of the realty and all personal property thereon as to require the service on them of a copy of the search warrant where a search is sought. Walker v. State, supra; Thompson v. State, supra. This irrespective of the fact that the proof of knowledge of the existence on the premises of liquor might not be sufficient to support a charge of possession by such person so found in charge. Thus a copy of the search warrant should be served on the wife in a case where the husband is not present, though ordinarily such possession of the premises would not support a charge of possession against the wife. Sentell v. State, 61 Okla. Cr. 229, 67 P. 2d 466; Paris v. State, 66 Okla. Cr. 236, 90 P. 2d 1078. But the mere existence of more than one quart of intoxicating liquors on the premises would support a verdict and judgment against the husband, he being the head of the family. Tit. 32 O. S. 1941 § 2; Tit. 37 O. S. 1941 § 84; Anderson v. State, 63 Okla. Cr. 443, 75 P. 2d 914.

There is not presumption where the husband and wife are absent from a home to be searched that some child of tender age is in possession or that some stranger by mere presence is in possession of the premises or of the liquor that might be stored there, unless there are additional circumstances that would put the officers proposing to search on notice of such fact, such as the statement by such person that he is in charge or has the care of such premises, etc., or where conduct so indicates, as where such person refuses to open the door or demands proof of the authority of the officers to make the search, or was as in Walker v. State, supra, actually handling the contraband. In such case such person should be served a copy of the search warrant, but otherwise the posting of a copy on the door of the premises to be searched will be sufficient.

In the within case a careful reading of the record fails to disclose any evidence or circumstances that would have put the officers on notice that the thirteen-year old minor child in this case was in charge of the premises or the liquor found thereon. It was not even so alleged in the motion to suppress. The burden of proving the invalidity of search under search warrant is on the defendant. There is a long line of cases from this court so holding. Winger v. State, 43 Okla. Cr. 140, 277 P. 947; Plumlee v. State, 78 Okla. Cr. 201, 146 P. 2d 139; Sears v. State, 79 Okla. Cr. 437, 156 P. 2d 145. And while most of such cases involve the form and contents of the affidavit on which the warrant is based and on the warrant, it likewise by the very principles involved, applies to the execution of the warrant as well. In the case of State v. Walker, supra, there was evidence in the record of circumstances that put the officers on notice that one Floyd Drake who was present was in charge of the gambling devices in the hotel room where found, and where one Walker was charged, but was not present during the raid. No such evidence exists in the within case.

For the reasons stated, we hold that the trial court did not err in overruling the motion to suppress, and that the judgment and sentence should be, and the same is, sustained.

BRETT, P. J., and JONES, J., concur.