## CARRELL v. STATE.

No. A-11435.   Feb. 6, 1952.

Rehearing Denied Feb. 21, 1952.

Further Rehearing Denied March 19, 1952.

(240 P. 2d 1131.)

126

Kight & Brainard, Claremore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error, Lam Carrell, defendant below, was charged in the county court of Rogers county, Oklahoma, by information with having committed on June 25, 1949, the offense of unlawful possession of intoxicating liquor. He was tried, convicted by a jury which fixed his punishment at $200 fine and 30 days in jail, and judgment and sentence entered accordingly.

The principal issue raised in this appeal for reversal is predicated upon the court's failure to sustain the defendant's motion to suppress the evidence on the ground it was obtained by an unlawful search and seizure. The basis for the motion was that the search warrant was a blanket warrant. The warrant authorized the search of the premises of Lam Carrell described as follows, to wit:

"One story brick-veneered frame house used as a dwelling and place of storage, and all outbuildings located on the E 12 feet of Lot 2 and all of Lot 3, in Block 105 in the City of Claremore, Oklahoma, in said County and State, * * *."

At the trial and in support of the motion to suppress an attempt was made to show the premises described had located thereon other houses and an old hotel occupied by people other than the defendant and his family. It is apparent from the record the property occupied by the defendant, a brick veneered frame house, was searched and 11 pints of liquor were seized. The burden was upon the defendant to establish by competent proof the invalidity of the search and seizure. Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430, wherein this court said:

"The burden of proving the invalidity of a search when raised by a motion to suppress the evidence is upon the defendant. Where he fails to meet this burden, it is not error for the court to overrule the motion to suppress the evidence." Allen v. State, 74 Okla. Cr. 139, 124 P. 2d 262; Watson v. State, 73 Okla. Cr. 58, 117 P. 2d 808; Holland v. State, 58 Okla. Cr. 404, 54 P. 2d 216.

There might be merit in this contention that the warrant was a blanket search warrant if the same had been supported by evidence that at the time the search was conducted there were other people residing on the described premises beside the defendant and his family, but there is none. The defendant testified that besides the house in which he resided there was another apartment of brick veneer construction all under the same roof with his apartment with a hall or breeze-way between them. The evidence on behalf of the state in this connection shows that this other apartment was being used by the defendant at the time the search was conducted as a place where he took care of his milk. The nearest approach the defendant made to sustaining the burden of proof in this connection is as he testified in response to the following questions, to wit. "Q. How many brick veneer residences on that property? A. Two. Q. Are both occupied as dwellings *at this time?* A. Yes sir." In this connection the record discloses that the search and seizure was made seven months before the witness so testified. From the record before us the defendant completely failed to sustain the burden of establishing the fact that other people resided on the described premises at the time the search was made other than himself and his immediate family. Under this condition the trial court correctly ruled that, where the defendant fails to produce and offer competent evidence to show invalidity of the

search and seizure this court will presume that the search was legal. Holland v. State, supra.

In addition to the foregoing, the record in this case shows that at the time the search and seizure was made the defendant was in possession of a federal retail liquor dealer's license. As hereinbefore pointed out, at the time the search and seizure was conducted the defendant was found in possession of 11 pints of whiskey. His intention to violate the law was apparent. No doubt this violation had existed for approximately a year or longer because his liquor dealer's license would have expired on June 30, 1949. In light of these facts we are not able to go along with the defendant's contention that the penalty imposed is excessive. For all the above and foregoing reasons the judgment and sentence herein is accordingly affirmed.

JONES and POWELL, JJ., concur.