## HARMON v. STATE.

No. A-11798. July 22, 1953.

(260 P. 2d 422.)

C. E. Wilhite, Alva, A. O. Manning, Fairview, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, C. A. Harmon, was charged by an information filed in the county court of Woods county with the unlawful possession of four pints of whiskey; was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50.00.

We shall consider the assignments of error in the order in which they are presented in the brief of defendant. The first assignment of error is that the evidence was insufficient to support the conviction. This assignment is divided into two propositions. First, there was no evidence that the liquid seized by the officers was whiskey or intoxicating liquor. Second, the wife of defendant had equal right to the home and possession of things therein, and it was just as reasonable to conclude that the whiskey was hers to conclude that it belonged to the defendant.

Several officers of Woods county testified and there was no evidence offered on behalf of the defendant. The testimony of the officers in substance was as follows:

They procured a search warrant, went to the town of Waynoka, sought out the town marshal, and, after having found him, took him with them to make a search of the residence of the defendant, C. A. Harmon. The officers knocked on the door and it was opened by Mrs. Harmon. Officer Wyckoff told her they had a search warrant for the premises and handed the warrant to her. The defendant, who was partially unclothed, made a run for the bedroom. One of the officers tried to enter the bedroom but found that his entry was blocked. After a few seconds, the defendant opened the door to the bedroom and it was searched. Four pints of liquid, which the officers testified positively contained whiskey, were found on the bed, covered with a quilt. Several empty whiskey bottles in a towsack were found under the lavatory. All of these bottles of liquid were admitted in evidence and were submitted to the jury for their personal examination.

For us to uphold defendant's contention that the liquid in the four bottles was not whiskey would be in the face of the positive evidence. The bottle caps were removed and the officers smelled of the contents of the bottles and one of the officers tasted the liquid before the jury before he would state positively it was whiskey. The proof that the liquid was whiskey was clear and convincing.

There is no merit to the contention that the evidence was insufficient because the liquor could have belonged to the wife of the defendant. In the recent case of Kelso v. State, 96 Okla. Cr. 367, 255 P. 2d 284, it was held:

"Marriage does not take from the wife her general capacity to commit crime, but casts on her the duty of obedience to her husband, and, except as to crimes

138

named in Penal Code, 21 O.S. 1951 § 157, in the absence of proof to the contrary, the law indulges a presumption that when she committed the act charged in the presence and with the assent of her husband, it is the result of restraint or coercion.

"The husband is the head of the family. He may choose any reasonable place or mode of living and the wife must conform thereto. 32 O.S. 1951 § 2.

"A subjection sufficient to excuse from punishment may be inferred, in favor of the wife, from the fact of coverture whenever she committed the act charged in the presence and with the assent of her husband, except where such act is a participation in the crimes named in Penal Code, 21 O.S. 1951 § 157.

"Where a married woman is jointly charged with husband with the unlawful possession of intoxicating liquor, the presumption that she, in committing an offense in her husband's presence, if any, acted under his coercion, held not rebutted."

Furthermore, in the case of Edwards v. State, 95 Okla. Cr. 37 239 P. 2d 434, this court said:

"But the mere existence of more than one quart of intoxicating liquors on the premises would support a verdict and judgment against the husband, he being the head of the family. Tit. 32 O.S. 1941 § 2; Tit. 37 O.S. 1941 § 84; Anderson v. State, 63 Okla. Cr. 443, 75 P. 2d 914."

It is contended that the court erred in giving instruction No. 3 to the jury, which read:

"You are instructed that the possession of intoxicating liquor in excess of one quart by the defendant is prima facie evidence of unlawful intent, that is intent to sell, barter, trade, transport or otherwise furnish such intoxicating liquors and you are to determine whether or not from the evidence, the amount so in possession, if any, by the defendant is in excess of one quart."

This instruction must be read in connection with instruction No. 4, which was given, and is as follows:

"The term 'prima facie evidence' as that term is used in the statutes is that degree of proof which unexplained or uncontradicted is sufficient, if it be credited by the jury, to establish the unlawful intent, yet it does not make it obligatory upon the jury to convict after the presentation of such proof; whether or not such evidence is sufficient to overcome the presumption of innocence of defendant and to establish his guilt beyond a reasonable doubt, when all the evidence is considered, is for the determination of the jury, and the term prima facie evidence as applied to the evidence does not shift the burden from the state to the defendant.

"Whether or not such evidence is sufficient to overcome the presumption of innocence of the defendant and establish his guilt to your satisfaction beyond a reasonable doubt, when all the evidence, including the presumptions is considered, is for your determination."

These instructions, when considered together, substantially state the law. Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476. In instruction No. 8, the court properly told the jury that they must consider the instructions as a whole and could not single out any instruction to the exclusion of the others.

It is also contended that the trial court erred in refusing to give defendant's requested instructions Nos. 1 and 2. Requested instruction No. 1 in substance would have told the jury that each member of the family of defendant was entitled to one quart of whiskey and that unless more than six pints of whiskey were found in the residence of the defendant, there would be no prima facie evidence of an attempt to violate the prohibitory liquor laws. We think the discussion hereinabove had pertaining to the first assignment of error fully covers this issue, as the defendant was the head of the household and responsible for the

contraband therein found. The construction contended for by the accused would do violence to the statute, 37 O.S. 1951 § 82, for it would permit a person to have in his possession several quarts of whiskey if he happened to be the member of a family which contained several other members in addition to himself. However, we can foresee a possible situation where an issue might be raised that two or more adult members of the family might have had a certain quantity of the liquor for their own use, and after such issue was raised, it would be proper for the court to instruct the jury that they must find the accused was in possession in excess of one quart of the whiskey before there would be prima facie evidence of an intent to sell. However, no such issue was presented in this case. There was no contention made that the liquor belonged to any other member of the household or to any other individual as no evidence was offered on behalf of the accused. Under the record, the state made a sufficient showing that the liquor was found in a bedroom where the defendant had run and closed the door, and that it was in the residence where he was the head of the household.

Instruction No. 2, which was requested by the defendant, was substantially covered in the instructions which were given.

Lastly, it is contended that the trial court erred in overruling the defendant's demurrer to the state's evidence for the reason that the proof showed that the officers making the raid did not make a return to the county clerk of the contraband which they seized on the raid, in accordance with the statute. 22 O.S. 1951 § 1261, 37 O.S. 1951 § 85.

There was no attempt to show that defendant was prejudiced in any manner by the failure of the officers to make a report to the county clerk. They did make a proper return on the search warrant which was issued. It was identified and made a part of the record for the appeal. In the case of Wilson v. State, 91 Okla. Cr. 157, 217 P. 2d 199, this court held:

"The statutes relating to disposition of intoxicating liquors seized by officers manifested intent to safeguard right of citizens in protection of their property and to give them an opportunity to be heard before property is confiscated, and to place duty and responsibility on officers to see that property which comes into their possession by virtue of search and seizure is disposed of in the manner provided by law. Tit. 22 O.S.A. § 1261, and Tit. 37 O.S.A. § 85.

"Under statute providing that if any of enumerated officers shall fail or refuse to perform duty required by provisions of prohibition laws, he shall be removed from office by prescribed procedure, all officers enumerated are required to do and perform their duties as required by the provisions of the prohibition laws subject to being removed from office if they fail to do so. Tit. 37 O.S.A. 1951 § 94."

However, the failure of the officers to make the return and report prescribed by law does not constitute reversible error. Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185; Jackson v. State, 73 Okla. Cr. 149, 118 P. 2d 1044; Overturf v. State, 69 Okla. Cr. 303, 102 P. 2d 623.

A different situation might be presented where the defendant makes a showing that he was prejudiced by reason of the officer's failure to comply with the statutory requirements in making his return to the county clerk. But no such contention is here presented and we can see no sound reason in law where the defendant can complain in the instant case of this failure of the officers. It appears to us that the trial of the accused was in all respects in substantial conformity with the law, and that the judgment and sentence of the county court of Woods county should be affirmed.

It is so orderd.

POWELL, P. J., and BRETT, J., concur.