Harold James **FAHAY**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

No. A–12170.

Criminal Court of Appeals of Oklahoma.

Oct. 5, 1955.

Rizley & Wilson, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, Harold James Fahay, was charged by an information filed in the County Court of Beckham County with the unlawful possession of whiskey, was tried, found guilty by verdict of a jury who left the punishment to be assessed by the court; thereafter the defendant was sentenced to serve 45 days in the county jail and to pay a fine of $150 and has appealed.

The following assignments of error are presented: 1. The evidence was insufficient to sustain the verdict. 2. The court erred in refusing to admit competent evidence offered on behalf of the accused. 3. The court erred in permitting incompetent evidence to be offered on behalf of the State. 4. The court erred in refusing defendant's requested instructions. 5. The court erred in overruling the motion for new trial upon the ground of newly discovered evidence.

The first and second assignments of error will be considered together. It is the contention of the accused that the proof affirmatively showed that the whiskey belonged to his wife and that he had nothing whatsoever to do with it. The proof of the State showed that the Chief of Police of Elk City and a deputy sheriff armed with a search warrant went to a house they said was the residence of the accused in Elk City about 11:00 A.M. on April 17, 1954. The accused was lying across a bed. A search was made of the premises and in a ladies vanity in the northwest bedroom they found three pints and five half pints of whiskey. On cross-examination it was brought out that the officers had arrested the wife of the accused earlier that morning at a point near the outskirts of Elk City in a drunken condition and had taken her to the county jail. That they had occasion frequently to arrest her for being drunk. That when she did get drunk she would call the officers and would call other people and make a nuisance of herself. That after she was placed in jail, the deputy sheriff who helped make the raid went to the home of Mrs. Fahay and told the defendant that she was in jail and defendant sent one Charles Pearcy to the jail to take her some hot coffee and sandwiches. The officers said she was very talkative when she commenced to sober. A short while later the officers procured the search warrant and made the search which resulted in the seizure of the whiskey.

The defendant testified that he had been married to Mrs. Fahay, who was referred

to in the testimony as "Tumper," since 1918. That they had been twice divorced during that period and had remarried. (A divorce action was pending at the time of the trial of accused and the wife did not appear as a witness.) That she had drunk intoxicating liquor to excess frequently during the past five or six years, and that when she was drunk she was hard to handle. That he was a painter by profession and had belonged to the Painters' Union since 1942. That he had been away from home practically all of the time for several months on painting jobs. That he had spent eight months at Burns Flat during the preceding year painting on jobs there. That for the past several weeks prior to April 17, 1954, he had been engaged on a job at Freeport, Texas. That he did not work around Elk City because there were no union painters around Elk City and he was not permitted to work with nonunion painters. That on April 16, 1954, while he was at Freeport, Texas, his wife called the Chief of Police at Freeport and asked the Chief of Police to get in touch with him. That from the conversation related by the Chief of Police he ascertained that his wife was drunk. That he left his paint job and drove to Elk City, arriving there about 2:00 A.M. on April 17. That he found his wife passed out and lying on the bed in her room which was the northwest bedroom of the house. That on the floor near her were three bottles partially filled with whiskey. That he poured out the whiskey and threw the empty bottles in a trash can at the back of the house. That he was exhausted from his long drive from Texas so he went to a neighbor named Charles Pearcy who lived about a block away and gave him $5 to come and watch over Mrs. Fahay the rest of the night and until the defendant awakened the next morning. That Pearcy awakened him about 7:00 A.M. and told him that Mrs. Fahay was gone. That he called a taxicab and sent Pearcy to look for her but that he returned later in the morning and said that he was unable to find her. That shortly thereafter Deputy Sheriff Jones came to the house and told him that he and the Chief of Police had taken Mrs. Fahay to jail because they had found her in a drunken condition. That

when the officers returned later in the morning and searched the house, defendant was still lying across the bed. That the officers found the whiskey in a dresser drawer in his wife's bedroom. That he did not know the whiskey was there or he would have poured it out when he poured out the other whiskey. He exhibited his Union Card and his Union Book which showed the payment of his dues to the Painters' Union at Houston, Texas, and in the book were endorsed the dates that he had worked on various paint jobs which corroborated the testimony of the accused.

Charles Pearcy testified that the defendant had come to his home after midnight and told him that he had just arrived from Freeport, Texas, and that he wanted to employ Pearcy to come to his house and look after his wife who had passed out from being drunk. That if she awakened and became unmanageable, Pearcy was to awaken defendant who could handle her. That Pearcy went to the house and remained there until about 6:30 A.M. at which time he returned to his home for a few minutes for breakfast. That when he returned he saw Mrs. Fahay had left. That he awakened the defendant who called a taxicab and sent Pearcy to look for her. That he was unable to find her. That later the defendant sent him to the county jail with hot coffee and sandwiches for Mrs. Fahay.

It was stipulated that the property described in the search warrant was owned by Olive Wells and that Olive Wells is one and the same person as Mrs. Fahay, the wife of the defendant.

The defendant called the Court Clerk as a witness and offered to prove that on November 23, 1951, Mrs. Fahay had entered a plea of guilty in County Court Case No. 2420 charging her with the illegal possession of whiskey. The County Attorney objected to the introduction of this evidence and his objection was sustained. The refusal to admit such evidence and other evidence set forth in the offer of proof is the basis for assignment of error number two.

■■■■ This court has reiterated in hundreds of cases that it is the province of the jury to determine issues of fact and the

jury's verdict will not be overthrown where there is any competent evidence to sustain it. However, one cannot read the record without being impressed with the truthfulness of the story related by accused. The only basis for sustaining the conviction would be in accordance with the rule of law laid down in Edwards v. State, 95 Okl. Cr. 37, 239 P.2d 434, 437, wherein we stated:

"* * * the * * * existence of more than one quart of intoxicating liquors on the premises would support a verdict and judgment against the husband, he being the head of the family. Tit. 32 O.S.1941 § 2; Tit. 37 O.S.1941 § 84; Anderson v. State, 63 Okl.Cr. 443, 75 P.2d 914."

The stipulation of the parties showed that the premises where the whiskey was found belonged to Mrs. Fahay. However, it was the home of defendant when he was in Elk City. The proof of the State and of defendant affirmatively showed there were periods of time when defendant was out of town. The offer of proof in connection with the contention of accused that the whiskey belonged to his wife was as follows:

"Mr. Wilson: Comes now the defendant and tenders evidence in this case by competent witnesses to prove that the defendant's wife Olive Fahay has in prior years been convicted of possession of intoxicating liquors for an illegal purpose, and that such occurred when the defendant was not in the home; and that when the defendant would return to the home he would stop such practice and take necessary actions to see that such illegal possession did not continue, and that neither she nor he had possession of intoxicating liquor for an illegal purpose; and that this has occurred on numerous times during the past 20 years. And that the defendant has tried to prevent such possession by his wife in their home.

"The Court: I don't see the materiality of it. It doesn't concern this case as far as I can see, and the proffer is refused.

"Mr. Wilson: Exception."

We think the court erred in refusing to permit the evidence as shown in the offer to be introduced. In McLaurin v. State, 34 Okl.Cr. 324, 246 P. 669, it was held:

"In a criminal prosecution, any legal evidence from which the jury may adduce guilt or innocence is admissible if, when taken with other evidence in the case, its relevancy appears, and the rejection of competent testimony offered by defendant constitutes prejudicial error."

All the evidence against the accused was circumstantial and the conviction was based solely upon the presumption that as head of the house he had knowledge of the contraband and that since it exceeded one quart in quantity it was presumed that he had it for an illegal purpose. In circumstantial evidence cases the rule is well established that in order for the guilt of the accused to be sustained, the circumstances which are proved must be consistent with each other and inconsistent with any other reasonable hypothesis other than the guilt of the accused. Brown v. State, Okl.Cr., 271 P.2d 733; Fields v. State, Okl. Cr., 284 P.2d 442; Stephens v. State, Okl. Cr., 285 P.2d 467. We do not know whether the defendant could have introduced evidence in conformity with his offer of proof, but if he had done so, we are of the opinion that the evidence when considered altogether would have been insufficient to have sustained the conviction of the accused. The presumption that he had knowledge of the whiskey because he was head of the house and the further presumption that he had it for an illegal purpose would have been overcome. The officers who seized the whiskey testified that they had known defendant's wife for years and that frequently she became intoxicated and when she did so, she would repeatedly call them over the telephone and harange them. When they found Mrs. Fahay on the date in question, she was sitting in her automobile in a stupor wholly unaware of what was happening. When she started sobering, she commenced talking and it is reasonable to infer from the testimony of the officers that during her talks with them she told them where her whiskey was located.

No charge was filed against her for public drunkenness, but she was released from jail as soon as she became sober.

 Defendant's requested instruction number two was not properly worded as it placed an undue burden on the accused to show his innocence. However, in the re-trial of this case an instruction should be given on defendant's theory of the case, to-wit: That the intoxicating liquor belonged to defendant's wife and not to the defend-ant, and that the premises where the liquor was found belonged to Olive Fahay and were under her control.

This is a most difficult case to determine. When the assignments of error are consid-ered separately and without relation to each other, they might not appear to be suffi-cient to justify a reversal. However, when the overall picture of the trial is considered and the assigned errors are considered al-together, we are convinced that justice will be served by reversing and remanding the case for a new trial.

Reversed.

BRETT and POWELL, JJ., concur.