## RALPH K. JENNER v. STATE.

No. A-9814.  June 18, 1941.

(114 P. 2d 956.)

Robert H. Warren, of Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

JONES, J.  The defendant, Ralph K. Jenner, was charged by information in the county court of Choctaw county with the offense of possession of a slot machine, a jury was waived, the defendant tried, convicted and sentenced to pay a fine of $50, and he has appealed to this court.

No brief has been filed in this case, but the attorney for the defendant appeared before this court and argued that the evidence showed that the slot machine found in the defendant's possession was stuffed with paper so

that it was not capable of being operated, and, therefore, its possession was not a violation of House Bill No. 125, chap. 15, art. 3, sec. 6, p. 10, Session Laws of 1939, 21 Okla. St. Ann. § 969.

The same defendant has a similar case, Jenner v. State, 72 Okla. Cr. 235, 114 P.2d 958, in which similar questions are raised and which has been briefed; and we are treating the brief filed in that case in connection with the disposition of the assignments of error in this case.

The defendant seeks an interpretation of section 6 of House Bill No. 125, Acts of the Seventeenth Legislature, supra, which is as follows:

"That it shall be unlawful for any person to have in his possession any slot machine or punch board, or sell or solicit the sale, or take orders for the sale of, or lease or rent any slot machine or punch board in this State, and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than Fifty ($50.00) Dollars nor more than One Hundred Fifty ($150.00) Dollars or by imprisonment in the county jail for a term of not more than sixty (60) days, or by both such fine and imprisonment."

The defendant and one of his employees at the Blue Moon Cafe, where the machine in question was seized by the officers, testified that the slot machine in question was stuffed with paper so that the mechanism could not work.

The officers who seized the machine testified that the slot machine was sitting in the front end of the cafe, and that there were a lot of people standing around the machine; but that they did not see any one playing the machine. That after the machine was brought to the sheriff's office, they pulled down on the trip from the back of the machine, and recovered $6.35 in nickels from

the machine. The sheriff testified that in his opinion the machine could be operated; and one of the deputy sheriffs testified that he did operate the machine.

Under this evidence, the court was justified in finding as a fact that the machine was set up and capable of being operated at the time it was found in the possession of the defendant by the officers; and for that reason, it becomes unnecessary for us to decide the question as to whether section 6, supra, requires that the slot machine must be set up and capable of being operated at the time it is found in order to constitute a violation of said section.

The defendant further complains of the action of the court in permitting the county attorney at the commencement of the trial to strike from the information certain allegations therein contained, wherein it is stated that the machine had been set up and was operating in the defendant's place of business.

The defendant contended this allegation made the information duplicitous as charging both the possession of the slot machine and a violation of section 7 of the statute, 21 Okla. St. Ann. § 970, herein involved which provides a penalty for the setting up and operation of a slot machine.

When the defendant presented this question to the court, the county attorney asked leave to strike that part of the information relating to the operation of the slot machine; and upon permission being granted by the court, this phrase was stricken from the information.

This was a matter addressed to the discretion of the trial court; and it is not shown that the acts of the court were an abuse of discretion or that such amendment affected any substantial rights or materially prejudiced the defendant.

This action was instituted about a month after the act herein involved became effective; and it is apparent from the record that the defendant intended to make a test case involving the constitutionality of House Bill No. 125, supra.

However, subsequent to the filing of this charge against defendant, this court in Ex parte Davis, 66 Okla. Cr. 271, 91 P.2d 799, and Couch v. State, 71 Okla. Cr. 223, 110 P.2d 613, has sustained the validity of this act, and no further question concerning the legality of said law is raised on appeal herein.

For the reasons above stated, the judgment of the county court of Choctaw county is hereby affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.