## RALPH K. JENNER v. STATE.

No. A-9815. June 18, 1941.

As Modified July 23, 1941.

(114 P. 2d 958.)

Robert H. Warren, of Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Ralph K. Jenner, was charged by information in the county court of Choctaw

county with the offense of possession of a slot machine, a jury was waived, the defendant tried, convicted and sentenced to pay a fine of $50, and he has appealed to this court.

This case involves the same questions as have been this day decided in case No. A-9814, Jenner v. State, 72 Okla. Cr. 232, 114 P. 2d 956. The facts show that the same officers who seized the machine involved in case No. A-9814, supra, went to the defendant's place of business ten days later at 10 p. m. There was no machine on the premises at that time. At 2 a. m. the same night, the officers returned and found the machine sitting in the front part of the cafe. There was no one playing the machine when the officers arrived. This case is only different from the case of Jenner v. State, supra, in that it is admitted by the defendant in this case that the machine was capable of being operated, while it was contended in the former case that the tubes of the machine had been stuffed with paper to prevent its operation.

The defendant's contention herein is that the machine had been in the kitchen, stored away from the public to where the same would not be used, but that it had become necessary to use the kitchen for the stacking of some cases, and that the machine had been temporarily moved to the front of the cafe. That it was not moved into the cafe for the purpose of having the same played, but that orders had been given to the employees to not allow the public to play on the machine.

There was some small amount of money in the machine.

Some question was raised in the brief of the defendant concerning the sufficiency of the information; but attention is directed to the fact that this alleged defect was not called to the attention of the trial court by demurrer

or any other pleading. The defendant was not arraigned until the day of his trial and at that time entered a plea of not guilty, which waived such alleged defect. While the information possibly should have given more details concerning the nature of the machine involved in this action, still the same is sufficiently alleged to inform the defendant of the charge against him; and in the absence of a demurrer, the same is sufficient to confer jurisdiction upon the county court to hear said charge and to sustain the judgment of conviction.

We find the evidence is sufficient to sustain the judgment of conviction, but under the facts and circumstances of this case justice will be met by modifying the sentence imposed upon the defendant from a fine of $75 and a term of 15 days in the county jail to a fine of $50.

The judgment of the county court of Choctaw county is therefore modified from a fine of $75 and a term of 15 days in the county jail to a fine of $50, and the judgment and sentence as thus modified is accordingly affirmed.

Mandate is ordered issued forthwith.

BAREFOOT, P. J., concurs. DOYLE, J., absent.