ALVIN NEIGHBORS v. STATE.

No. A-10582.   Jan. 29, 1947.

(177 P. 2d 133.)

332

.W. O. Moffett, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Haskell A. Holloman, Asst. Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for defendant in error.

BAREFOOT, P. J. Defendant, Alvin Neighbors, was charged in the district court of Tulsa county with the crime of murder. He was tried, convicted of manslaughter in the first degree and sentenced to serve a term of 20 years in the State Penitentiary, and has appealed.

The only assignment of error relied upon by defendant for a reversal of this case is error of the court in refusing to grant counsel, appointed by the court, a reasonable time to prepare for trial, to the end that they might intelligently and properly represent the defendant, and thereby forced, coerced and intimidated the defendant into waiving his right to a trial by jury, and in effect deprived the

defendant of his liberty without due process of law.

The brief of the state gives a clear and condensed statement of the issues, and is as follows:

"It is a well-settled rule of law in this state that a defendant charged with a crime is entitled to a reasonable time to prepare for trial, and what is a reasonable time will depend upon the facts and circumstances surrounding each particular case. Therefore, in order to reach a decision as to whether this defendant has been deprived of his liberty without due process of law for the reason that his counsel have had insufficient time in which to prepare for trial, it will be necessary to recite, step by step, all of the facts and circumstances in connection with the employment or appointment of counsel from the time the arrest was made.

"The defendant in this case is alleged to have made an attack upon a Mr. Charles E. Gorrell on the 29th day of March, 1944, and as a result of that attack Mr. Gorrell died on the 30th day of March, 1944. The defendant was arraigned in the court of common pleas of Tulsa county, Oklahoma, on the 31st day of March, 1944, on a charge of murder. The defendant plead not guilty and his preliminary trial was set for April 6, 1944; a preliminary hearing was had in this case on the 6th day of April, 1944, and, according to an affidavit attached to and made a part of the defendant's brief, he was represented at all times during said preliminary hearing by Frank Hickman, an attorney practicing in Tulsa, Oklahoma. At the conclusion of this hearing the defendant was bound over to the district court without bond. On the 28th day of April, 1944, there was an order of the court setting the defendant's case for arraignment in district court on May 3, 1944. The record further shows that on May 3rd, 1944, the defendant appeared in open court for arraignment with his counsel, Frank Hickman. The information was read and the defendant waived time to plead and entered a plea of not guilty and was given a copy of the information with its endorsements thereon, and he was again remanded to the sheriff. During this ar-

raignment, several others were also arraigned, and the court advised them all that if they could not get a lawyer that he would appoint the public defenders to represent them, and this defendant advised the court that Frank Hickman was his attorney. On the 7th day of June, 1944, the defendant's case was called for trial and the defendant appeared in open court without counsel. The court sent for Frank Hickman and was advised by him that he had never been employed to represent the defendant in the district court and that the defendant and his wife both knew that he had not been so employed, that the defendant's wife had talked to him about employing him, but had not employed him. The record, itself, does not show Mr. Frank Hickman's withdrawal from the case, other than the statements above referred to. The court then appointed the public defenders, Harry Dyer and W. C. Peters, at 9:30 that morning, and at 10:10 that same morning the case was again called for trial, and the defendant, through his attorney Harry Dyer, moved the court to strike the case from the docket for the reason that they had not had sufficient time to prepare for trial. And, after argument of counsel, on the motion for continuance, the following proceedings were had, to wit:

" 'The Court: All right, let the record show that in the case of State versus Alvin Neighbors, that the defendant is present in open court and represented by counsel and that he waives a jury and consents that his case may be tried by the court if it is stricken from this assignment. Let the record show that the case is stricken from the assignment, to be reset at a later date and to be tried before the court, without a jury.'

"And thereafter, on the 27th day of July, 1944, the defendant's case was set for trial on the non-jury docket of August 1, 1944. And thereafter, on the 31st day of July, 1944, the case was passed for trial to August 10, 1944, by agreement. And then on the 11th day of August, 1944, the case was again called for trial, both sides announced ready and the record shows that the defendant was present in open court with his counsel, Harry Dyer, and W. C. Peters,

public defenders, and withdrew his plea of not guilty and filed a demurrer to the State's information without prejudice to trial. The demurrer was overruled and the defendant re-entered his plea of not guilty. The assistant county attorney then made his opening statement to the court and the case was tried to the court. At the end of the State's case in chief, the defendant demurred to the evidence, which demurrer was overruled and the defense then rested its case, and the court announced that he found the defendant guilty, and fixed his punishment at confinement in the State Penitentiary for a term of 20 years and sentence day was set for August 15, 1944. The defendant filed a motion for a new trial, which was overruled, and notice of intention to appeal was given in open court, and this appeal is brought by the defendant through his attorney, W. O. Moffett."

Based upon the above facts, it is contended by defendant that his liberty has been taken without due process of law, because the court refused to grant a continuance so that newly appointed counsel, the public defenders, could have more time to prepare for trial, and by such refusal forced the defendant to waive a trial by jury.

As a matter of fact, the record as above outlined does not bear out the contention of defendant. It is shown that the motion for continuance was granted insofar as the trial of defendant was concerned. The public defenders were appointed on June 7, 1944, and upon this date the case was stricken from the assignment to be set at a later date. On July 27, 1944, the case was set for trial for August 1, 1944, and on July 31, 1944, was passed to August 10, and defendant was not tried until August 11, 1944. This was 64 days from the time attorneys were appointed until defendant was tried. Motion for continuance was not made, and counsel made no suggestion that they had not had ample time to prepare for trial. When the motion for new trial was filed,

no contention was made that sufficient time had not been given defendant to prepare for trial. In fact, 126 days had passed since the preliminary examination, and 64 days since the motion for continuance was interposed.

The record does not bear out the defendant's contention that the court forced him to waive a trial by jury. The minutes of the clerk upon this point state:

"Defendant present in open court without counsel. Public defender appointed to represent defendant. Defendant with consent of counsel waives trial by jury and consents that case may be set for trial on non-jury docket at a later date. Defendant remanded to custody of sheriff."

This court does not know what transpired at the time his order was entered, other than shown by the record, which reveals that the trial by jury was waived by defendant and the case was set for trial on the nonjury docket at a later date. We have often held that the right of trial by jury is a personal right which one has the right to waive. Ex parte Hazel, 80 Okla. Cr. 66, 157 P. 2d 225; Ex parte Carpenter, 80 Okla. 78, 157 P. 2d 231; Norman v. State, 81 Okla. Cr. 78, 160 P. 2d 739; Hughes v. State, 83 Okla. Cr. 16, 172 P. 2d 435-439, and cases cited.

We have carefully examined the cases cited by the defendant and by the state to support their respective contentions. We have also examined the recent case by this court, Ex parte Cannis, 83 Okla. Cr. 113, 173 P. 2d 586, decided on October 16, 1946, in which this question was considered. In that case, it was decided that the trial court had abused its discretion in refusing to give attorneys for defendant sufficient time, after their appointment, to prepare for trial. The attorneys there appointed were the public defenders, as in this instance, but the facts in the two cases are very different. It is unnecessary to unduly length-

en this opinion by quoting extensively from that case. It may be read by those interested. However, it may be noted that in the Cannis case, the attorneys were appointed at 9 :30 on May 12, 1938, and defendant's trial was commenced at 1 :30 in the afternoon on the same date, and a verdict was reached by 5 :30 in the afternoon that day.It has already been noted that in the case at bar a continuance of 64 days was had before defendant was brought to trial, and thus ample time given attorneys who were appointed to defend him to prepare for trial. There were other facts and circumstances in the Cannis case which do not here appear.

On the date of the trial, August 11, 1944, defendant did not ask for a continuance, and no suggestion was made that he be granted a jury trial, that the court had refused to give him a jury trial, or had caused him to waive any right to a jury trial. In so far as the record is concerned, it appears that defendant voluntarily waived his right to a jury trial, and agreed to be tried before the court. While in our opinion it might have been the better policy to have granted a jury trial had he asked it, yet, his legal right to waive a trial by jury can not be questioned.

By many decisions it is the well settled and established rule in this state that an application for continuance in a felony case is addressed to the sound discretion of the trial court, and unless an abuse of such discretion clearly appears, this court will not reverse the judgment for a refusal to grant a continuance. The case of Prescott v. State, 56 Okla. Cr. 259, 37 P. 2d 830, is a leading case, and has many facts similar to those in this case. Many of the earlier decisions are cited and reviewed therein. While the question of refusal to grant a jury trial is not discussed, the reasoning therein is applicable in many instances to the facts here presented.

It is revealed by the evidence in this case that defendant was charged with the crime of murder, in that he killed Charles E Gorrell by hitting and beating him over and about the head with a glass Seven-Up bottle filled with salt. This occurred between 6 and 6:30 in the afternoon of March 29, 1944, at Sam and Mary's Bar, in the city of Tulsa. The defendant, with Virgil Nute and Edna Norton, had gone to the tavern about 3 o'clock in the afternoon, and had been drinking beer. Mr. Gorrell arrived around 6 o'clock, and sat down in one of the booths. He had drunk one beer, and the three parties above named went over and sat down with him, and the four ordered beer. They were served by Alva Fraizer, one of the waitresses, who testified for the state. She testified that after serving the beer, she asked who was going to pay for it, and the defendant said, "Mr. Gorrell is going to pay for it." Mr. Gorrell answered, "No, you ordered it, you pay for it." The defendant replied, "No, you pay for it." and Mr. Gorrell paid, giving the waitress a five dollar bill. The girl took the money and started to the cash register, behind the bar, and before reaching the bar she heard licks that sounded like bone cracking. She immediately turned around and saw the defendant striking Mr. Gorrell over the head with the Seven-Up bottle which was filled with salt. She rushed back to the booth, and the defendant had his arm around the neck of Mr. Gorrell, and was hitting him with the bottle. She heard a number of licks, and saw defendant hit Gorrell three of four times after she reached the booth. She also testified that when defendant released Mr. Gorrell, his body slumped down on the seat, and then to the floor, and defendant stepped out over it, and started out of the building, but was stopped by Sam Chissoe, the proprietor of the tavern, who requested that no one leave the premises until the officers could be called. Her evidence was corroborated by both

Mr. Chissoe and his wife, who were present in the tavern at the time and heard the first licks struck, and both of whom immediately went to the booth, the scene of the difficulty. All of the witnesses testified that immediately after the difficulty the defendant started toward the front door, but was stopped by Mr. Chissoe, and that he left by the rear door. He was later arrested by the police officers.

Physicians were placed upon the stand and testified to the wounds upon the deceased, one of which was a concussion at the base of the brain, and which caused his death. Mr. Gorrell died about 6 o'clock the morning of March 30, 1944.

None of the witnesses testified to any act or demonstration between the defendant and deceased, other than heretofore stated.

Defendant did not take the witness stand, and offered no evidence.

The court before whom the case was tried without the intervention of a jury, found the defendant guilty of manslaughter in the first degree, and sentenced him to serve a term of 20 years in the State Penitentiary.

In motion for new trial, and the assignments of error, it is urged that the court erred in refusing to sustain a demurrer to the evidence. From the above statement, we find that the court did not err in refusing to sustain such demurrer.

We are of the opinion that the defendant was not denied any of his constitutional or statutory rights; that he received a fair and impartial trial, and that he was not deprived of his liberty without the process of law.

For the reasons above stated, the judgment of the district court of Tulsa county is affirmed.

BRETT, J. concurs.  JONES, J., not participating.