Solomon Dennis DANEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13106.

Court of Criminal Appeals of Oklahoma.

March 21, 1962.

Jay C. Baker, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by plaintiff in error, Solomon Dennis Daney, defendant below. Daney was charged by information in the district court of Tulsa County, Oklahoma, for the offense of grand larceny, conjoining, allegedly committed on March 25, 1961, in said county and state. The information alleged that this defendant and his accomplice stole from one Dick Jones four B. F. Goodrich tires and the tire stand. He was tried by a jury, convicted, his punishment fixed by the jury at one year and one day in the state penitentiary. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

There is only one meritorious contention urged by the defendant, and that is that the prosecutor committed reversible error in his argument to the jury when he held in his hand the FBI rap sheets covering the defendant's supposed former criminal record, and exclaimed, "Just look here, the defendant has a rap sheet three pages long."

The defendant had admitted on cross-examination that he had been previously convicted of four drunken driving charges, driving without a driver's license, two public drunk convictions, two convictions of carrying in his car open liquor containers, and one hit and run conviction.

We are not unmindful that the evidence of guilt herein as to this defendant was not so convincing as it was as to his accomplice, Turner Welch Buie (Buie v. State, Okl.Cr., 368 P.2d 663). It is possible a conviction might not have occurred if the inference had not been raised by the prosecutor's display of the rap sheet creating the impression that there were other and many more convictions against defendant. Regardless of what might have been the outcome otherwise, we cannot sanction this error without doing violence to the fundamental rights of every accused with an FBI record, to a fair and impartial trial. This sheet was not a matter of evidence in the case, it was completely hearsay, and inadmissible.

Every county attorney in the state might be tempted to follow this procedure if we whitewashed this situation, with the finding of harmless error. It may have contained no other reference to previous convictions than those admitted by the defendant on cross-examination, but the use of it was to create an impression that the half of his record had not been told.

It has been repeatedly held that the county attorney should not state facts not proven in evidence, or otherwise get to the jury that which amounts to his own testimony in his argument to the jury. Cline v. State, 57 Okl.Cr. 206, 47 P.2d 191; Williams v. State, 4 Okl.Cr. 523, 114 P. 1114; Brower v. State, 26 Okl.Cr. 49, 221 P. 1050.

In the Brower case, supra, this Court said:

"It is a grave breach of duty for a prosecuting attorney to seek by innuendo or artifice to procure a conviction by injecting into the case facts or conclusions not based upon the evidence adduced at the trial."

And in Sharkey v. State, Okl.Cr., 329 P.2d 682, it was said:

"It is the duty of county attorneys to diligently prosecute violators of the law and they are to be commended for vigorous performance of this duty, but it must be done fairly and without passion or prejudice. It must be done with the evidence before the jury and not by improper, prejudicial evidence injected during the course of the argument and not supported by the evidence * * *."

Under this contention, in spite of this evidence of defendant's guilt, this case, because of the fundamental character of the error, must be and is reversed, with directions to retry the accused according to law.

NIX, P. J., and BUSSEY, J., concur.