William RAPP, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13885.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1966.

Marshall Warren, Eufaula, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The defendant was charged in the district court of McIntosh County by a two-part information with the crime of obtaining property by means of a bogus check, after former conviction of a felony.

The information charged that defendant gave a bogus check in the amount of $158 to one Joe McKinney, in payment of gasoline purchased by defendant. The defendant operated a gasoline service station, and Mr. McKinney was the distribution agent for the Mobile Oil Company.

The check in question, and a number of other checks given to Mr. McKinney, were introduced in evidence at the trial. The evidence contained in the record is sufficient to sustain the jury's verdict of guilty.

In keeping with the verdict, the defendant was sentenced to serve a term of six years in the state penitentiary. Defendant's motion for new trial was overruled, and his appeal has been perfected to this Court.

Defendant's first contention of error is that the counsel for defendant was appointed immediately prior to the trial, and that he did not have time to adequately prepare a defense.

From the record before the Court, we find that this defendant, at the time of his trial was serving a term of ten years in the state penitentiary, having been convicted in the same court for the crime of removing and disposing of mortgaged property. Attorney James Pohl represented the defendant at that trial. Mr. Pohl was again appointed to defend the accused in the case at bar, on April 4, 1965. On that date, the defendant appeared with his appointed counsel, and entered a plea of not guilty. The case was assigned for trial for May 24, 1965. When the case was called for trial, it was continued by agreement of counsel.

Thereafter, the case came on for trial on October 6, when the defendant was returned from the penitentiary to stand trial. Defendant's counsel was apparently prepared to go to trial at that time. However, when court opened, defendant's counsel announced that the defendant was not satisfied with his representation, and desired different counsel. Thereupon, in the Judge's chambers and before the jury was selected, the trial judge appointed attorney Marshall Warren to assist defendant's present counsel, in the trial of the case. When this action was taken, the judge advised both attorneys that insofar as Mr. Warren had previously conferred with both the defendant and Mr. Pohl, concerning the facts and circumstances of the case, he was sufficiently familiar with it to assist Mr. Pohl. Therefore, he overruled defendant's motion for a continuance, and proceeded with the trial.

Under the often repeated decisions of this Court, a continuance should be granted only when clearly in the furtherance of justice. This is a matter to be determined by the trial judge at the time. It is a well settled rule that an application for continuance, in a felony case, is addressed to the sound discretion of the trial court; and unless an abuse of such discretion clearly appears, this Court will not

reverse the judgment for refusal to grant a continuance. See: Neighbors v. State, 83 Okl.Cr. 331, 177 P.2d 133; Prescott v. State, 56 Okl.Cr. 259, 37 P.2d 830, and cases cited.

Defendant cites two cases in support of his proposition: Dumas v. State, 54 Okl. Cr. 207, 16 P.2d 886; and Davis v. State, Okl.Cr., 368 P.2d 519, both of which were capital cases, and both were reversed by this Court. However, those cases can be clearly distinguished from the case at bar. In the Dumas case the accused, an illiterate negro, was brought from the State Penitentiary to the courthouse in Coal County by the Warden and a number of other penitentiary officers. He was arraigned on a charge of rape, then taken before the district court where, *in a locked court room* he was arraigned before that court, and counsel was appointed to *"represent the defendant for the purpose of examining the record and purpose of pleading."* Five minutes thereafter, defendant entered a plea of guilty, and was sentenced to death by electrocution. In that case, all of the proceedings transpired within a forty-five minute period.

In the Davis case the accused was charged with robbery with fire arms, after former conviction of a felony. He was represented by private counsel at the preliminary hearing, and on his arraignment in the district court. However, before trial his attorney requested permission of the court to withdraw from the case, and his request was granted. This occurred during the month of October.

When the case was called for trial the following month, the Public Defender requested that defendant be sent to the State Hospital for mental observation. The court granted the request, and the accused was sent to the State Hospital, where he remained for the full 90 days provided for by law. He was then released from the Hospital and returned to the county. Eleven days after his release from the hospital his case came on for trial.

The Public Defender, who had requested the mental observation, was no longer serving in that office, so he made no appearance for the defendant when the case was called for trial. However, when court opened, the defendant announced ready for trial, and stated to the court that he did not need an attorney. Notwithstanding defendant's announcement, the court appointed the new Public Defender to represent him.

The newly appointed defense counsel asked for a continuance. Instead of the continuance, the court ordered a recess to give the counsel time to discuss the case with his client. Five minutes later the attorney reported to the court that the defendant refused to cooperate with him, that the defendant did not desire the public defender to represent him, and that he refused to discuss his case with the public defender. The court thereupon directed the attorney to aid and assist the defendant in whatever capacity the defendant would permit him to act. For this, and other reasons not herein stated, the Davis case was reversed.

The situation in the case at bar is entirely different. In this case we find that the first appointed counsel, Mr. Pohl, made the opening and the closing statements to the jury, and that Mr. Warren conducted most of the trial and examination of witnesses. Both attorneys were familiar with the facts and circumstances of the case.

■ We are of the opinion the trial court did not err in refusing to grant a continuance in this case, insofar as the assistant defense counsel was familiar with the facts and circumstances of the case, and had previously counseled with both the defendant and his other defense counsel prior to the time of trial.

Defendant's second proposition is that "The trial court allowed the county attorney to amend the information after the jury had been selected and sworn to try the cause, which act denied defendant time to prepare a defense."

Tit. 22 O.S.A. § 304 provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

The information filed against this defendant charged him with receiving (in exchange for the bogus check) "cash in the amount of $158."

At the beginning of the trial the county attorney read the information, and then stated to the court: "I would like to amend that information to read 'cash or merchandise'. It is a clerical error." The defendant objected, but the court overruled the objection and permitted the State to amend.

In Jenner v. State, 72 Okl.Cr. 232, 114 P.2d 956, this Court held:

"The burden is upon the defendant to show that the trial court abused his discretion in allowing an information to be amended as to form after the case has been called for trial or that such amendment materially prejudiced the defendant."

Certainly the defendant was not caught by surprise by this amendment, and it is not of such material nature as to change the nature of the charge. Further, this matter was addressed to the discretion of the trial court. It is not shown that the acts of the court were an abuse of that discretion, nor that such amendment affected any of defendant's substantial rights, or materially prejudiced the defendant.

The defendant had been purchasing gasoline from Joe McKinney for several months, and had been giving checks to cover the gasoline purchases. Mr. McKinney had previously contacted the defendant concerning payment of the checks prior to the time the charge was made.

Also, the defendant knew the check in question had been given for the purchase of gasoline, and not for the receipt of cash.

We therefore find no merit in defendant's second contention.

Defendant's third proposition is: "Irregularities occurring at trial when county attorney on cross-examination was allowed over the objection of the defendant, to elicit answers from the defendant as to how long a person would have to serve in the penitentiary to constitute serving one year."

When objection was made to a question asked the defendant on cross-examination by the county attorney, the court in ruling thereon stated to defendant's counsel:

"I think the question is objectionable. I think all the details of the other offenses were objectionable, but the county attorney didn't object, and you went into it with the defendant himself, so for that reason the objection will be overruled, but it is only because the defendant went into it."

In this connection we adopt the statement found in 98 C.J.S. Witnesses § 378, pages 134–135:

"As a general rule, any matter is a proper subject of cross-examination which is responsive to testimony given on direct examination, or which is material or relevant thereto, and which tends to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness."

And we agree with the statement of the Attorney General that the questions of the county attorney which are here complained of were within the broad latitude permitted him on cross-examination, especially in view of the fact that the area inquired into had been explored on direct examination.

Finding no material error in this record, the judgment and sentence of the district court of McIntosh County is affirmed.

BUSSEY, P. J., and NIX, J., concur.