James H. COWAN and Lloyd Gene
Clark, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. A–17866.

Court of Criminal Appeals of Oklahoma.

March 12, 1973.

E. Terril Corley, Tulsa County, for appellants.

Larry Derryberry, Atty. Gen., Kay Karen Kennedy, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

The appellants, hereinafter referred to as defendants, were charged, tried and convicted by a jury in Tulsa County, Oklahoma, Case No. CRF–72–308 for the crime of Robbery with Firearms. Their punishments were fixed at thirty (30) years imprisonment and from said judgments and sentences defendants have perfected a timely appeal to this Court.

The record reflects that Richard Allen Shaffer testified that at about 12:15 A.M. on the 15th of February two individuals, whom he identified in open court as the defendants browsed around his store for awhile and after all other customers had departed the premises, the defendants, at gunpoint, told Shaffer to lie on the floor and not to move. One of the defendants then went through the cash register taking the money and also took Mr. Shaffer's wallet. Then Mr. Shaffer was forced outside of the door and commanded to run from the store at gunpoint. Officer Gary Keupfert, of the St. Louis Police Department, St. Louis, Missouri, testified he was on duty in that city on the 16th day of February 1972 between the hours of 7:00 A.M. and 3:00 P.M. and that at approximately 12:55 P.M. on that date he received a call to go to the Richman Clothiers on Washington Avenue in St. Louis, Missouri. Upon arrival he was told by the manager the defendants were in possession of a Master Charge Card bearing the name of "Richard Shaffer" which he had been informed was stolen. The defendants were arrested at the scene and according to their testimony pleaded guilty to a misdemeanor relating to Unauthorized Use of a Credit Card and served sentences in St. Louis before being transported to Oklahoma for trial. Officer Thomas Wilkerson, also of the St. Louis Police Department, testified that he was with Officer Keupfert and that he took a wallet identified as belonging to Richard Shaffer from the pocket of the defendant Clark at the Richman Clothiers Store. Defendant Cowan did not testify but defendant Clark testified both were residents of Lawrence, Kansas, and further testified that at the time of the robbery he was in Lawrence, Kansas, along with defendant Cowan and, specifically denied ever having been in the city of Tulsa, Oklahoma. Defendant Clark further testified that early on the 15th day of February both defendants started on a motor trip to Chicago, Illinois, but had engine trouble in St. Louis; that on the 16th of February, defendant Cowan went to make a phone call at a phone booth in the city of St. Louis and came back carrying a brown paper sack containing Mr. Shaffer's wallet which he had found in the phone booth. Defendant Clark further stated that upon discovering the wallet containing the credit card, he and defendant Cowan attempted to purchase clothing with the credit card at Richman Clothiers.

John H. Brown, III, testified that he was a resident of Lawrence, Kansas, and operated a pool hall by the name of Brothers Inc. and that the Green Gable Cafe was nearby. He testified he played cards with the defendants at his establishment on

the 14th of February 1972 until about 9:30 or 10:00 P.M. Further, he testified that the mileage from Lawrence, Kansas, to Tulsa, Oklahoma, was approximately 275 miles and that the drive would take between three and a half to four hours to complete.

Willie Oatis testified he saw the defendants in the Green Gables approximately 10:30 P.M. on the 14th of February.

Willie Shorter testified that he was acquainted with Clark and that he was a resident of St. Louis, Missouri. He further testified he had a conversation with the defendants at 10:00 or 11:00 A.M. on the 15th of February 1972.

Harvey Lewis Barham testified he lived in Alton, Illinois, which was a little over thirty minutes outside of St. Louis. Barham testified he talked to the defendants on Tuesday, February 15, 1972, at about 4:00 or 4:30 P.M. at the home of Ollie Smith.

Joann E. Edwards testified she was a resident of Alton, Illinois, and testified that she observed the defendants at the home of Ollie Smith in St. Louis on the 15th day of February between 6:30 and 7:00 P.M.

Defendants' first proposition of error alleges that the trial court erred in not allowing co-defendant James H. Cowan to represent himself at trial. After a review of the transcript, record and brief of counsel on appeal, we do not consider the handwritten "Request of Court" submitted by co-defendant Cowan as a motion for a *pro se* action. Due to its content it is more properly a request for a continuance. Further, it appears from the record that the defendants "Request" was not tendered to the court until the first day of trial while defendant for two weeks prior to the trial had accepted the counsel of court-appointed attorneys. In the case of Thompson v. State, Okl.Cr., 462 P.2d 299 (1969), the defendant was represented by court-appointed counsel or privately retained counsel at different stages of the preliminary procedures. On the date trial was to commence, the defendant requested that he be permitted time in which to secure private counsel of his own selection. The trial judge denied the defendant's request stating that the defendant had had sufficient time in which to secure counsel of his own choice. This Court stated at page 302:

"From a review of the facts, we find that the defendant was represented during the proceedings either by counsel of his own selection or by court-appointed counsel. We concur with the ruling of the trial court that the accused cannot be allowed to indefinitely delay his trial through a scries of changes in the counsel. Defendant had sufficient time and opportunity to secure counsel of his own choice if he were able to do so, and we are of the opinion, from a review of the record herein, that his interests were adequately protected by competent counsel at all times. Accordingly, we hold that petitioner was not denied his right to representation by adequate counsel and dismiss this assignment of error as being without merit."

 The only objections to *"counsel"* appearing in the *"Request of Court"* are defendant's (Cowan) objections to a specific court-appointed attorney. The right to effective and adequate counsel does not encompass the right to have a specific attorney appointed. It is the general rule that relief from conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce or a mockery of justice, or was shocking to the conscience of the court. See Parks v. State, Okl.Cr., 457 P.2d 818 (1969); Barnett v. State, Okl.Cr., 446 P.2d 89 (1968); and Ellis v. State of Oklahoma, 430 F.2d 1352 (10th Cir. 1970). It is the opinion of this Court that representation at trial was competent and that court-appointed counsel was able to adequately and effectively defend both co-defendants. Further, co-defendant Cowan fails to show

that his representation by court-appointed counsel resulted in prejudice or that his counsel did not fully protect his rights and interests. On the basis of this determination we find the defendants' first proposition of error to be without merit.

■ The defendants' second proposition of error alleges that defendants were denied fundamental fairness because of an improper remark made by the prosecution. The remark made by the prosecution was a question to the defendant Clark regarding pictures in a billfold which belonged to Mr. Shaffer and were stolen during the armed robbery of the U-Tote-Um Store. The colloquy which is questioned by the counsel for defendants on this appeal is as follows:

"Q. You didn't look at any of them?
A. Well, I looked at the contents but I didn't—I didn't remember nothing, I was just looking to see what pictures was in it and there was some pictures.
Q. Pictures like *these white girls here*?"

The defendants' contention that they were denied fundamental fairness because of an improper remark by the prosecution is a frivolous contention in the opinion of this Court and without competent citation of authority, we do not see how the defendants were prejudiced by the remark or that the remark was intended in any way to be prejudicial or discriminatory.

■ The defendants' third proposition of error asserts that the prosecution was guilty of bad faith in asking impeachment questions not based upon facts. The case of Klaassen v. State, 38 Okl.Cr. 402, 266 P. 495 (1928), which is cited by defendants in their briefs on appeal is distinguishable from the present action. In that case the cross-examination did not involve prior convictions of the witness. The questions propounded were held to be improper and prejudicial since they did not involve prior convictions. In the case now before the Court, as suggested by the brief of the Office of the Attorney General, the prosecuting attorney was acting in good faith and the questions regarding prior convictions were for the sole purpose of establishing the credibility of the witness and not for the purpose of prejudicing or arousing passion of the jury against the defendant. In the opinion of the Court, the prosecuting attorney was acting in good faith and therefore did not prejudice the defendant by his impeachment examination.

■ The defendants' fourth proposition of error asserts that the trial court erred in its failure to grant a severance of trial and appointment of additional counsel. The case of Fugett v. State, Okl.Cr., 461 P.2d 1002 (1969), is distinguishable from the present action. The prosecution gave the defendants every opportunity to present a showing to the court of what conflict of interest existed which would require a severance. Without a showing of a conflict of interest in their being tried together this Court will not consider a proposition of error unless defendants further show prejudice or breach of their fundamental rights. An examination of the record does not reflect a conflict of interest since the defense relied on by both defendants was that of alibi.

■ Defendants' fifth proposition is that the trial court erred in failing to reduce the sentence imposed by the jury, which he contends was the result of passion and prejudice. No authority has been cited in support of this contention, but we have repeatedly held that when the punishment imposed is within the range provided by law, this Court will not modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. See Roberts v. State, Okl.Cr., 473 P.2d 264 (1970).

■ The defendants' sixth proposition of error asserts that it was reversible error for the prosecuting attorney to ask the defendant Clark if co-defendant James Cow-

an was a student at Fort Leavenworth or Lawrence, Kansas. We find this proposition of error wholly without merit in that the defendants assert that the prosecution made reference to the Federal Prison located at Leavenworth, Kansas, and this is not true. The defendant was merely asked whether he was a student at Fort Leavenworth or Lawrence, Kansas, after the defendant Clark had said that the defendants were getting ready to be transferred back to Kansas somewhere and that the statement by the prosecution of the word "Fort Leavenworth" in and of itself was not prejudicial nor inflammatory nor did it prejudice the defendants in the eyes of the jurors.

The defendants' seventh and final proposition of error asserts that it was reversible error for the prosecution to display an FBI *"rap sheet"* to the jury. The record does not reflect that the *"rap sheet"* was ever shown to the jury or introduced into evidence. The record also does not reflect that any remarks were made by the prosecution regarding the *"rap sheet"*. The defendants cite the case of Daney v. State, Okl.Cr., 370 P.2d 44 (1962) as authority for the contention of reversible error on this proposition. The case of *Daney,* supra, dealt with an instance where the prosecutor made a direct reference to the rap sheets and further showed the rap sheets to the jury. Clearly in *Daney,* supra, it was reversible error, however, in the present action no reference was made to the FBI rap sheet nor was it shown to the jury and due to that fact we find this proposition to be without merit.

Therefore, it is the decision of this Court that the trial court did not commit error sufficient for reversal and order that the judgment and sentence of the trial court be affirmed for both defendants Clark and Cowan. Judgment and sentence of the trial court is hereby affirmed.

BLISS, P. J., and BRETT, J., concur.