**James H. COWAN, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. PC–74–225.**

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1974.

**328**

David Swank, Norman, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION AND DECISION

BRETT, Judge: '

The appellant, James Henry Cowan, was charged, tried and convicted in Case No. CRF–72–308, in the District Court, Tulsa County, for the crime of Robbery with Firearms. He was sentenced to serve a term of thirty (30) years imprisonment in the State Penitentiary. That conviction was affirmed by this Court in Cowan v. State, Okl.Cr., 507 P.2d 1256 (1973). Cowan subsequently filed in the District Court, Tulsa County, an application for post conviction relief, alleging he was denied a fair and impartial trial because the trial judge erred in overruling his motion for severance of his trial from that of his co-defendant, Lloyd Clark, and that he was denied his sixth amendment right to effective representation by counsel when co-defendant Clark's attorney was appointed on the morning of trial to represent him as well. Cowan's contention in this regard is two-pronged: He claims that he was denied effective assistance of counsel, first, because there was an actual conflict of interest between himself and his co-defendant, which precluded fair and effective representation by a single attorney, and second, because his court appointed attorney was given no time to consult with him and to prepare his defense. And Order refusing to grant an evidentiary hearing and summarily denying post conviction relief was entered by the District Court, Tulsa County, on March 5, 1974. On April 3, 1974, Cowan filed an appeal in this Court from that Order, urging that the trial judge erred in failing to grant an evidentiary hearing for the reason that the record before the judge was not sufficient to make a determination of the substantial questions of fact and law raised by Cowan's application.

After considering the record submitted with that appeal, this Court entered an Order on June 26, 1974, affirming in part and reversing in part the Tulsa County District Court Order, and remanding the matter to that Court for further evidentiary hearing. In that Order this Court stated:

"It is our opinion that the questions of whether error was committed in denying separate trials and whether a conflict existed between the interest of the two co-defendants precluding fair representation by a single attorney have been conclusively determined by this Court in Cow-

an v. State, Okl.Cr., 507 P.2d 1256 .(1973) and may not be again raised through the Post Conviction Procedure Act. The ruling of the trial judge upon those questions is hereby AFFIRMED. Cowan, therefore, has now exhausted his State remedies upon these questions.

"In reviewing our opinion in Cowan v. State, however, we cannot find that the question of whether Cowan's appointed attorney was, under the special circumstances of this case, given sufficient time to prepare his defense and to provide representation sufficient to meet constitutional standards has been considered and decided by this Court.

"The record of the trial court supports Cowan's contention that on the morning his trial commenced, his co-defendant's attorney, Public Defender Ed Crockett, was appointed to represent him as well as co-defendant Clark. Cowan had previously been represented by Andrew T. Dalton, also of the Tulsa Public Defender's Office. The record reveals that in arguing the motion for new trial, Mr. Crockett told the trial judge that he had been unprepared to defend this petitioner and had not discussed with him any 'possible defenses, any witnesses that he might wish to call, any theory of defense, any proposed negotiated pleas, anything of that nature . . .' (Tr. 235).

"Now, therefore, after considering the petition and the response filed herein and being sufficiently advised in the premises, this Court finds that defendant's application for post conviction relief raises substantial questions of fact and law, and that the record before this Court is inadequate to make a determination of the issue presented and therefore this matter should be, and hereby is, REMANDED to the District Court, Tulsa County, for an evidentiary hearing for the purpose of making specific find-

ings of fact relevant to the determination of the ultimate question of whether under the special facts and circumstances of this case the assignment of counsel on the morning of trial precluded the giving of effective aid in the preparation and trial of the case. Those specific findings of fact include the following:

"1. Was Cowan given the opportunity to consult with Andrew T. Dalton, the appointed attorney who represented him prior to trial, concerning the preparation of his case, including the existence of any witnesses to be subpoenaed in his behalf.

"2. When was Cowan first given to understand that his appointed counsel, Andrew T. Dalton, would not appear at his trial. Did Cowan thereafter make any attempt to secure further representation.

"3. How much time, if any, was appointed counsel Ed Crockett given on the morning of trial to consult with Cowan concerning his defense, including the advisability of Cowan's taking the stand to testify in his own behalf.

"4. To what extent did attorney Crockett confer with attorney Dalton concerning the preparation of Cowan's case for trial.

"5. To what extent did attorney Crockett confer with Cowan during the progress of the trial and especially concerning whether or not Cowan should or should not testify during his trial."

In that Order this Court further directed that James H. Cowan should be returned to the jurisdiction of the court for the purpose of participating in the evidentiary hearing, and ordered that the court make specific findings of fact and rulings of law on the questions and to transmit two copies of the record of said evidentiary hearing to this Court. The evidentiary hearing was conducted by Judge James Dillard, who was assigned to Tulsa County to con-

duct the original trial; and the records now have been filed with this Court. The State was represented by Mr. Cliff Hopper, Assistant District Attorney for Tulsa County, and the appellant was represented by Mr. Tom Coleman of the Tulsa County Public Defender's Office. The trial judge made specific findings of fact in accordance with the order of this Court and concluded as a matter of law that Cowan was not denied his constitutional right to the effective assistance of counsel in the preparation and trial of his case. Having reviewed the evidence presented at the evidentiary hearing below, we affirm that finding.

■ The duty imposed on the courts to assign counsel to defend an indigent accused of a crime is not an empty formality and is in no way discharged by an assignment of counsel at such a time or under such circumstances as to prevent counsel from rendering effective assistance in the preparation and trial of case. Appointed counsel in a criminal case " . . . must be given a reasonable time to prepare for trial, to investigate the facts, and examine the law applicable to the case." Davis v. State, Okl.Cr., 368 P.2d 519, 521 (1962). What constitutes a reasonable time, however, depends upon the special facts and circumstances of each case. See Riddle v. State, Okl.Cr., 374 P.2d 634 (1962); Neighbors v. State, 83 Okl.Cr. 331, 177 P.2d 133 (1947).

■■ In the instant case, the court appointed Andrew T. Dalton of the Tulsa County Public Defender's Office to represent Cowan at the time of his initial appearance. Dalton testified at the evidentiary hearing that he represented Cowan at his preliminary hearing on May 10, 1972, and conferred with him more than once in regard to his defense. Ed Crockett, also of the Tulsa County Public Defender's Office, had previously been appointed to rep-

resent Cowan's co-defendant, Lloyd Clark. Crockett recalled during his testimony at the evidentiary hearing, that he was given reason to believe a week or two prior to trial, that Dalton possibly would not be able to appear at the trial on May 5, 1972. He testified that he discussed the case and the theory of the defense with Dalton. Crockett testified that he also discussed the case with Cowan prior to the date of trial and that during that conference he presented him with the list of witnesses subpoenaed for the defense. Cowan neither objected to the calling of those witnesses nor suggested additional witnesses who might be called on his behalf.

It is clear from the evidence that both attorneys, Dalton and Crockett, had been informed by the co-defendants that they had been together elsewhere at the time the crime was committed and that they shared an alibi defense. In fact, a number of defense witnesses were subpoenaed to support that alibi defense and appeared at trial to testify that they had seen both defendants elsewhere during the time the crime was committed. When testifying at the evidentiary hearing in this matter, Cowan stated that he had known of a witness whose testimony, he maintained, would tend to clear him and incriminate his co-defendant. He admitted, however, that he had not provided the name of that witness to either attorney before or during trial.

The record further shows that on the morning of trial, when Dalton failed to appear and Crockett was appointed to represent Cowan, a motion for a continuance on behalf of Cowan was made and overruled after the judge inquired and was informed that both defendants had the same defense to the crime charged. We do not find, upon this record, that the trial judge abused his discretion in refusing a continuance or that the refusal of such continuance resulted in the denial of Cowan's right to the effective assistance of counsel. In

Noel v. State, 17 Okl.Cr. 308, 188 P. 688, we stated:

> "Every person charged with crime is entitled to a fair trial according to the due and orderly course of the law. The right of every person charged with crime to have compulsory process for obtaining witnesses in his own behalf is guaranteed by the Constitution (section 20, Bill of Rights); and this involves, as a matter of course, the time reasonably necessary to prepare for trial, and to find and produce testimony in his defense. It is not, however, a matter of which the defendant can complain that the trial is speedy, if he has had time for preparation and is ready for his defense. Continuances ought always to be granted, when, from the showing made, justice requires it; this to enable the defendant to procure all legal and competent evidence necessary for the fair presentation of his defense, if he has used due diligence to obtain the same." 188 P. at 690.

Cowan's present claim that there exists a witness favorable to him, whose name he chose not to reveal prior to trial, comes too late to constitute the "due diligence" required. He was represented at trial by an experienced trial attorney who carefully prepared and presented an alibi defense which encompassed Cowan as well as his co-defendant, Clark. That attorney had previously presented Cowan a list of the witnesses subpoenaed to support that defense and Cowan agreed those witnesses would serve for his defense as well. Under such circumstances, we are of the opinion that appointed counsel was given a reasonable time to prepare for trial and to investigate the facts and examine the law applicable to the case.

Therefore, we affirm the Tulsa County Court Order denying the application for post conviction relief filed herein.

BLISS, P. J., and BUSSEY, J., concur.